1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| JESSE HELTON; ALISHA PICCIRILLO; CHAD LOWE; individually and on behalf of all others similarly situated, | Case No:  C 10-04927 SBA |
|  | **ORDER** |
| Plaintiffs, | Dkt. 40 |
| vs. |  |
| FACTOR 5, INC.; FACTOR 5, LLC; BLUHARVEST, LLC; WHITEHARVEST, LLC; JULIAN EGGEBRECHT; HOLGER SCHMIDT; THOMAS ENGEL; and DOES 1-100, |  |
| Defendants. |  |

        Jesse Helton, Alisha Piccirillo, and Chad Lowe ("Plaintiffs"), individually and on behalf of all others similarly situated, bring the instant action to, among other things, recover unpaid wages under the Fair Labor Standards Act ("FLSA").  As party-defendants, the Complaint names corporate defendants Factor 5, Inc. ("Factor 5"), Factor 5, LLC, BluHarvest, LLC, and WhiteHarvest, LLC ("WhiteHarvest"), as well as individual defendants Julian Eggebrecht, Holger Schmidt, and Thomas Engel (the "individual Defendants").  The matter comes before the Court on the Plaintiffs' application for an order shortening the time to hear Plaintiffs' motion for conditional certification of their FLSA claims, or alternatively, to equitably toll the FLSA statute of limitations.  Dkt. 40.  Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby DENIES the Plaintiffs' request to shorten time and GRANTS their request to toll the statute until the motion can be heard on the Court's regular civil law

1
2
and motion calendar.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

3
**I.     BACKGROUND**

4
5
6
7
8
9
10
11
12
Plaintiffs are three former employees of Factor 5, which has since dissolved as a corporation.  Defs.' Opp'n Mot. at 1, Dkt. 45.  They initially filed a class action Complaint on January 21, 2009 in the Marin County Superior Court to recover earned wages and other benefits due under California law.  Id.  The Complaint was amended to include corporate Defendants BluHarvest, LLC, later renamed WhiteHarvest, which had acquired Factor 5 assets through an Asset Purchase Agreement.  Pls.' Appl. at 1, Dkt. 40; Dkt. 1, Ex. C ("Register") at 1.  Factor 5 filed for bankruptcy in May 2009, and a year later in May 2010, WhiteHarvest filed for bankruptcy.  Pls.' Appl. at 2; Register at 2, 5.  Proceedings in the state court were stayed as to defendants Factor 5 and WhiteHarvest.  Register at 4, 5.

13
14
15
16
17
Following the close of both entities' bankruptcy proceedings, Plaintiffs moved to amend their Complaint to add the individual Defendants and the FLSA claims.  Defs.' Opp'n Mot. at 1.  The state court granted leave to amend on October 13, 2010.  Id.; Register at 6-7.  Thereafter, Defendants removed the action to this Court on October 29, 2010.  Defs.' Opp'n Mot. at 1; Notice of Removal, Dkt. 1.

18
19
20
21
22
23
24
This Court conducted an initial case management conference ("CMC") on February 23, 2011.  Pls.' Appl. at 2.  At the CMC, Plaintiffs indicated that they were prepared to proceed with their motion for preliminary certification of a FLSA collective action.  They proposed filing their motion by March 11, 2011, with a hearing date of April 15, 2011.  Pls.' Appl. at 2; Smith Decl. ¶ 8, Dkt. 41.  For their part, the individual Defendants urged the Court to stay all proceedings pending the outcome of WhiteHarvest's re-opened bankruptcy and a court-ordered settlement conference.  Pls.' Appl. at 2; Smith Decl. ¶ 9.

25
26
27
28
At the close of the CMC, the Court indicated that it would not schedule any substantive hearings until the parties attended a court-ordered settlement conference.  Pls.' Appl. at 3; Smith Decl. ¶ 10.  The case was referred to a magistrate judge for settlement.  Dkt. 24.  On October 26, 2011, the parties participated in a settlement conference

1  conducted by Magistrate Judge Elizabeth LaPorte.  Dkt. 33.  The case did not settle,

2  however.  Id.  Thus, on the same date, Plaintiffs filed their Motion for Collective

3  Certification of FLSA Claims.  Dkt. 34.

4       The individual Defendants are now taking the position that the statute of limitations

5  for willful violations of the FLSA will run on December 19, 2011, based on the fact that

6  Factor 5 ceased operation on December 19, 2008.  Defs.' Opp'n Mot. at 1.  If correct,

7  claimants who have not filed opt-ins by December 19, 2011 will be barred from joining

8  this action.  Although Plaintiffs have filed their motion for conditional certification, the

9  next available hearing date is in March 2012.  Pls.' Appl. at 3; Smith Decl. ¶ 11.  Thus,

10  Plaintiffs allege that putative collective action members face substantial prejudice,

11  including a complete bar to their FLSA claims, unless the Court shortens time and permits

12  their motion to be calendared for hearing in December 2011.  Alternatively, Plaintiffs

13  request the Court to equitably toll the statute until the motion can be heard.  Dkt. 40.

14  **II.  DISCUSSION**

15       Title 29, United States Codes, Section 255(a) sets the limitations period for a cause

16  of action for unpaid wages under the FLSA. The FLSA permits the filing of complaints for

17  unpaid wages or overtime for two years "after the cause of action accrued."  29 U.S.C. §

18  255(a). Willful violations of the FLSA are subject to a three-year statute of limitations.  Id.

19  § 255(a).  Unlike a typical class action, in FLSA collective actions, claimants must

20  affirmatively opt-in to participate in the litigation.  29 U.S.C. § 216(b).  Thus, the FLSA

21  statute of limitations runs until a valid consent is filed. 29 U.S.C. § 256(b); Partlow v.

22  Jewish Orphans' Home of S. Cal., Inc., 645 F.2d 757, 760 (9th Cir. 1981), abrogated on

23  other grounds by Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165 (1989).  However, the

24  statute of limitations may be equitably tolled (1) when extraordinary circumstances beyond

25  a plaintiff's control make it impossible to file a claim on time, or (2) when a plaintiff is

26  prevented from asserting a claim by wrongful conduct on the part of the defendant.  See

27  Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999); Alvarez-Machain v. United States,

28  107 F.3d 696, 701 (9th Cir. 1996).

1    Plaintiffs request that the Court toll the statute of limitations for opt-in claimants

2 wishing to join the collective action on account of procedural delay.  The Court finds good

3 cause to grant their request.  The record confirms that in February 2011, Plaintiffs were

4 prepared to file their motion for conditional certification, and proposed an April 15, 2011

5 hearing on such motion.  CMC Statement at 8, Dkt. 23.  However, the Court declined to set

6 a briefing schedule on the motion at that juncture, finding instead that the parties should

7 first make a good faith effort to resolve the action without further litigation.  To that end,

8 the Court deferred the motion for collective certification and ordered the parties to

9 participate in a mandatory settlement conference.[1]  When the action did not settle, Plaintiffs

10 promptly filed their motion.  Given this procedural history, coupled with the lack of

11 available motion hearing dates until March 2012, tolling is appropriate.  E.g., Lee v. ABC

12 Carpet & Home, 236 F.R.D. 193, 199 (S.D.N.Y. 2006) ("Where parties are ordered or

13 agree by stipulation to suspend proceedings during the pendency of legal proceedings, the

14 time during which a party is prevented from obtaining legal relief is not counted for

15 purposes of statutes of limitations."); c.f. Owens v. Bethlehem Mines Corp., 630 F. Supp.

16 309, 312 (S.D.W.Va. 1986) (equitable tolling warranted due to judicial delay in ruling on

17 certification motion).  The Court therefore tolls the FLSA statute of limitations until such

18 time as the Court renders a decision on Plaintiffs' motion for conditional FLSA

19 certification.[2]

20

21          [1] The individual Defendants acknowledge that the Court ordered the parties to a
mandatory settlement conference, but assert that the Court did not preclude Plaintiffs from
22 filing their motion for conditional certification. This contention lacks merit. Although the
minute order from the CMC did not expressly forbid Plaintiffs' from filing their motion,
23 that clearly was the intent of the Court's order referring the parties to a mandatory
settlement conference prior to the Court's consideration of Plaintiffs' motion for
24 conditional certification. If the Court had permitted Plaintiffs to file their motion despite
the reference to a magistrate judge for a settlement conference, the Court would not have
25 ordered the parties to file an updated CMC Statement with "scheduling suggestions" in
advance of the next CMC. Dkt. 24.
26
          [2] Given the Courts holding as to tolling for procedural delay, the Court need not
27 reach Plaintiffs' alternative argument that the statute of limitations should be tolled on the
independent ground that Defendants refuse to produce a list of potential collective action
28 members.

III.    <u>CONCLUSION</u>

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiffs' application for an order shortening the time to hear Plaintiffs' Motion for Collective Certification of FLSA Claims is DENIED. However, the statute of limitations applicable to Plaintiffs' FLSA claims is tolled pending the Court's ruling on Plaintiffs' motion for conditional certification.  This Order terminates Docket 40.

IT IS SO ORDERED.

Dated:  November 22, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge