UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HELTON,<br><br>        Plaintiff(s),<br><br>  v.<br><br>FACTOR 5, INC.,<br><br>        Defendant(s).<br>_____/ | Case No. C10-04927 SBA (JCS)<br><br>**DISCOVERY ORDER RE: JOINT LETTER [Docket No. 86]** |

On March 5, 2012, the parties filed a Joint Letter concerning several discovery issues in dispute. Dkt. 86. On March 30, 2012, a hearing was held.

For reasons stated on the record, and good cause shown,

IT IS HEREBY ORDERED THAT:

1. WhiteHarvest, LLC ("WhiteHarvest") shall provide, by **April 30**, in answer to Plaintiff's interrogatories, a detailed explanation of the following issues regarding destruction of documents,

    a. all facts related to the destruction of documents "on a regular monthly basis" as set forth in the response to Plaintiff's Request for Admission No. 10;

    b. the closing of WhiteHarvest email accounts in August 2009, including identifying all individuals with any knowledge concerning these events; and

    c. the inability of WhiteHarvest to retrieve emails after closing the Gmail accounts in August 2009.

2. Following the production of answers to the above interrogatories, WhiteHarvest shall produce a Rule 30(b)(6) witness, with documents, on the subject of destruction of documents. Plaintiffs take this deposition without prejudice to taking additional Rule 30(b)(6) depositions on other issues to which they would ordinarily be entitled.

3. Subsequent to the above Rule 30(b)(6) deposition, Plaintiffs may file a motion for sanctions, should they think it is justified.

4. WhiteHarvest shall produce, by **April 30**, all of the documents listed on its privilege log.

5. Plaintiffs' request for an order requiring WhiteHarvest to produce any and all documents in any way related to WhiteHarvest, including any and all emails referring to "bluharvest.com," is denied.

6. WhiteHarvest shall produce, by **April 30**, log-in and password information for all email accounts associated with "bluharvest.com" and for all email accounts otherwise associated with WhiteHarvest. WhiteHarvest shall also produce, by **April 30**, all documents related to opening and using these accounts.

7. Katja Reitemeyer shall sit for a deposition noticed by Plaintiffs and answer all questions related to any medical condition affecting her memory. The deposition may be deemed confidential under the protective order.

IT IS SO ORDERED.

Dated: April 5, 2012

_____
JOSEPH C. SPERO
United States Magistrate Judge

2