UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JESSE HELTON; ALISHA PICCIRILLO; CHAD LOWE; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FACTOR 5, INC.; FACTOR 5, LLC; BLUHARVEST, LLC; WHITEHARVEST, LLC; JULIAN EGGEBRECHT; HOLGER SCHMIDT; THOMAS ENGEL; and DOES 1-100,<br><br>Defendants. | Case No: 10-04927 SBA<br><br>**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Docket 31, 83. |

Jesse Helton, Alisha Piccirillo, and Chad Lowe (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, brought the instant action to recover unpaid wages and other benefits under state and federal law. See First Amended Complaint ("FAC"), Dkt. 1, Exh. H. As party-defendants, the FAC names corporate defendants Factor 5, Inc. and Factor 5, LLC (collectively, "Factor 5"), as well as BluHarvest, LLC and WhiteHarvest, LLC. Id. The FAC also names individual defendants Julian Eggebrecht, Holger Schmidt, and Thomas Engel (the "individual Defendants"). Id. The parties are presently before the Court on the individual Defendants' motion for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Dkt. 31. Plaintiffs oppose the motion. Dkt. 67. Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby DENIES WITHOUT PREJUDICE the individual Defendants' motion for partial summary judgment,

for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **BACKGROUND**

   A.  **Factual Background**

Factor 5 was a successful, independent software and video game developer, which developed a number of video games, including *Lair* and the *Star Wars Rogue Squadron* games. FAC ¶ 18. Through its work, Factor 5 developed a considerable amount of valuable intellectual property, including the source code, engines, and machines used and developed as part of its business. Id.

Factor 5 developed video games for publishers who then published the game to the consumer. FAC ¶ 9. Factor 5 also developed middleware tools that were used by other companies. Id. WhiteHarvest, LLC ("WhiteHarvest") is a software videogame developer. Id. ¶ 10. The individual Defendants were officers and/or directors of Factor 5 and owners of Factor 5. Id. ¶ 11.

Plaintiff Jesse Helton was employed by Factor 5 as a Senior/Lead Programmer from on or about May 15, 2006 until on or about December 19, 2008. FAC ¶ 6. He was responsible for writing code to implement game features, as well as working with designers and other content creators to define features, requirements, and workflow. Id. Plaintiff Chad Lowe was employed by Factor 5 as a Producer from on or about December 24, 2005 until on or about December 19, 2008. Id. ¶ 7. He was responsible for overall project management for Factor 5's game title/project, including supervising and tracking assignments. Id. Plaintiff Alisha Piccirillo was employed by Factor 5 as a Senior Technical Artist from in or about August 2002 until on or about December 19, 2008. Id. ¶ 8. She worked with designers, programmers, and artists, to ensure technical integrity of game assets being produced by Factor 5. Id.

On or about November 1, 2008, Factor 5 stopped paying their employees, although Plaintiffs continued to perform work for Factor 5. FAC ¶ 19. On or about December 1, 2008, Plaintiffs lost their health benefits due to Factor 5's failure to pay premiums. Id. ¶ 20.

Before closing, Factor 5 had a number of assets, including valuable intellectual property assets which it had developed over a number of years, including a number of video games that were in progress, which Factor 5 believed would generate millions of dollars in revenue. Id. ¶ 21.

On December 11, 2008, individual Defendant Julian Eggebrecht ("Eggebrecht") executed an Asset Purchase Agreement, selling virtually all of Factor 5's assets to WhiteHarvest, which had been formed two days earlier, on December 9, 2008 by Eggebrecht's girlfriend and co-owner of their home, Katja Reitemeier ("Reitemeyer").[1] FAC ¶ 22. According to Plaintiffs, no money exchanged hands. Id. WhiteHarvest operated from December 9, 2008 until on or about July 31, 2009. Id. ¶ 28 at 6.[2]

Plaintiffs claim that after closing Factor 5 and terminating its employees, Factor 5 improperly took and fraudulently conveyed assets to WhiteHarvest, Reitemeyer, and Factor 5 Gmbh in order to continue the Factor 5 business while attempting to avoid paying Plaintiffs and other employees of Factor 5. FAC ¶¶ 25-26 at 6. Plaintiffs further claim that Factor 5 fraudulently conveyed intellectual property and other assets owned by Factor 5, and are improperly using that intellectual property, including source codes, engines, and machines developed by Factor 5. Id. ¶ 27 at 6. According to Plaintiffs, Factor 5 also failed to: pay Plaintiffs and other employees their accrued but unused vacation time at the time of termination; provide Plaintiffs and other employees with proper notice concerning Factor 5's mass layoff pursuant to the California WARN Act; and pay Plaintiffs earned overtime wages from on or about November 1, 2008 through December 19, 2008. Id. ¶¶ 26-28 at 5.

---

[1] The FAC refers to this person as Katja "Reitemeier" and Katja "Reitemeyer" and Katja "Reitmeyer" For purposes of clarity and consistency, the Court will refer to her as Reitemeyer.

[2] The Court notes that the FAC contains a typographical error regarding the numbering of the paragraphs. The last paragraph on page five of the FAC is numbered 28, but the first paragraph on page 6 is numbered 25. As such, both page five and six of the FAC contain paragraphs numbered 25-28. For purposes of clarity, the Court will identify the page number on which the duplicative paragraph numbers appear.

Plaintiffs assert that the individual Defendants continue to operate Factor 5 businesses through Factor 5 Gmbh, and that Factor 5 Gmbh and Factor 5 are effectively the same company operated by the individual Defendants. FAC ¶ 28 at 6. Plaintiffs further assert that the individual Defendants orchestrated the fraudulent conveyances to, in large part, defraud creditors, including Plaintiffs. Id. While ostensibly owned by others, Plaintiffs maintain that the individual Defendants controlled and directed the day-to-day operations and business of WhiteHarvest, and control the day-to-day operations and business of Factor 5 Gmbh. Id. ¶ 29.

### B.    Procedural Background

On January 21, 2009, Plaintiffs filed a class action complaint in the Marin County Superior Court to recover earned wages and other benefits due under California law. Compl., Dkt. 1, Exh. A. The complaint was amended to include corporate Defendants BluHarvest, LLC, which was later renamed WhiteHarvest. See Dkt. 1, Exh. C. Factor 5, Inc. filed for bankruptcy in May 2009, and a year later in May 2010, WhiteHarvest filed for bankruptcy. See id. Proceedings in the state court were stayed as to Factor 5, Inc. and WhiteHarvest. See id.

On October 13, 2010, following the close of both entities' bankruptcy proceedings, Plaintiffs filed an amended complaint adding the individual Defendants and claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216. See FAC. On October 29, 2010, the individual Defendants removed the action to this Court on the basis of federal question jurisdiction. Notice of Removal, Dkt. 1.

The FAC alleges eleven causes of action as follows: (1) violation of California Labor Code §§ 204, 206, failure to pay all earned wages accrued during a pay period; (2) violation of California Labor Code § 201, failure to pay compensation upon discharge; (3) violation of California Labor Code § 227.3, failure to pay unused vacation compensation; (4) violation of California Labor Code § 2802, failure to pay for all necessary expenditures or losses incurred by the employee in the discharge of his or her duties; (5) violation of California Labor Code § 1401, et seq., failure to give proper notice of the cessation of

operations or to pay 60 days salary in lieu of notice; (6) violation of 29 U.S.C. § 206, FLSA minimum wage violation; (7) violation of 29 U.S.C. § 207, FLSA overtime violation; (8) breach of contract; (9) unfair business practices in violation of the Cal. Business and Professions Code, 17200, et seq.; (10) fraudulent conveyance; and (11) accounting. See FAC.

On October 20, 2011, the individual Defendants filed a motion for partial summary judgment. Dkt. 31. Plaintiffs filed an opposition on February 3, 2012. Dkt. 67. A reply was filed on February 17, 2012. Dkt. 79.

## II.	DISCUSSION

The individual Defendants move for summary judgment of Plaintiffs' fraudulent conveyance claim in its entirety and as to Plaintiffs' claim for violation of California Business and Professions Code § 17200 et seq. to the extent that it is premised upon allegations of fraudulent conveyance. They argue that summary judgment is appropriate because Plaintiffs cannot show that they were injured by the alleged fraudulent transfer of Factor 5 assets since Factor 5's assets at the time of transfer were entirely encumbered by a valid pre-existing lien, and therefore were not available to unsecured creditors such as Plaintiffs. In response, Plaintiffs contend, among other things, that the motion for partial summary judgment should be denied or continued until the individual Defendants provide discovery responses concerning Factor 5's intellectual property assets. The Court construes this argument as a motion for continuance under Rule 56(d) of the Federal Rules of Civil Procedure.

### A.	Legal Standard

"A party may move for summary judgment, identifying each claim . . . or the part of each claim . . . on which summary judgment is sought." Fed.R.Civ.P. 56(a). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id.

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the

1   motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or
2   (3) issue any other appropriate order. Fed.R.Civ.P. 56(d).[3]  In making a Rule 56(d)
3   motion, a party opposing summary judgment must make clear "what information is sought
4   and how it would preclude summary judgment." Margolis v. Ryan, 140 F.3d 850, 853 (9th
5   Cir. 1998).
6        Rule 56(d) provides a device for litigants to avoid summary judgment when the
7   nonmovant needs to discover affirmative evidence necessary to oppose the motion. See
8   Garrett v. San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987). The Ninth Circuit has held
9   that district courts should grant any Rule 56(d) motion "fairly freely" when a party moves
10  for summary judgment before the opposing party has had a realistic opportunity to pursue
11  discovery relating to its theory of the case. Burlington N. & Santa Fe Ry. Co. v. The
12  Assiniboine, 323 F.3d 767, 774 (9th Cir. 2003). Rule 56(d) requires, rather than merely
13  permits, discovery where the nonmoving party has not had the opportunity to discover
14  information that is essential to its opposition. Metabolife Intern., Inc. v. Wornick, 264 F.3d
15  832, 846 (9th Cir. 2001) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5
16  (1986)). Denial of an application under Rule 56(d) is especially inappropriate "where the
17  material sought is also the subject of outstanding discovery requests." VISA Int'l Serv.
18  Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986).
19      **B.**     **Motion for Partial Summary Judgment**
20       Plaintiffs contend that denial or postponement of a decision on the motion for partial
21  summary judgment is appropriate for the following reasons:

> Defendants have refused to testify or produce documents concerning the substance of work performed since January 2009, including for projects in which Defendants have used Factor 5's IP assets. Factor 5's owners have not responded to document requests served last October. Defendant BluHarvest [now WhiteHarvest] still refuses to respond to basic written discovery requests, despite (1) a prior 2010 state court order compelling it to do so and

---

[3] Effective December 1, 2010, Federal Rule of Civil Procedure 56 was amended and the provisions of subdivision (f) were moved to subdivision (d), without substantial change. See Fed.R.Civ.P. 56, advisory committee's notes (2010 amends.) ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").

>  (2) a court ordered, in-person meet and confer conference in Judge Spero's chambers on December 16, 2011 (in response to Plaintiffs' terminating sanctions motion) in which defendant promised to provide responses.

Pls.' Opp. at 10 (citations omitted).

In support of their request for a continuance, Plaintiffs submitted the declaration of James Smith ("Smith"), counsel of record for Plaintiffs. Smith avers that Plaintiffs served document requests on Factor 5's owners (i.e., the individual Defendants) on October 31, 2011 seeking documents concerning, among other things, any use of Factor 5 assets since December 2008, but that the individual Defendants have not responded to the requests and have not produced any documents reflecting payments for work performed since January 1, 2009. Smith Decl. ¶ 17, Dkt. 68. Smith also avers that while Plaintiffs served initial discovery requests on WhiteHarvest in 2010 and obtained a court order compelling WhiteHarvest to answer discovery in October 2010, WhiteHarvest has not provided any discovery responses. Id. As a result, Plaintiffs anticipate that they will file a motion for sanctions and to compel adequate responses and production of responsive documents. Id.

In reply, the individual Defendants do not dispute the accuracy of the statements made by Smith. Instead, in a footnote, they simply assert: "As a last ditch fall back, plaintiffs ask for the opportunity to conduct more discovery. However, (1) plaintiffs have had time enough to complete discovery since they have had their case on file for three years; and (2) no amount of discovery will change the basic fact that the allegedly transferred assets were completely encumbered with the LucasFilm lien."

Based on the foregoing, the Court concludes that Plaintiffs have sufficiently shown the need to discover evidence necessary to oppose the individual Defendants' motion for partial summary judgment. Plaintiffs have identified specific outstanding discovery requests that are essential to their opposition to the motion; namely, evidence regarding Factor 5's assets. Indeed, the parties agree that the value of Factor 5's assets is a material fact relevant to the viability of Plaintiffs' fraudulent conveyance claim. See Mehrtash v. Mehrtash, 93 Cal.App.4th 75, 80-81 (2001) (A well-established principle of the law of

fraudulent transfers is that a transfer in fraud of creditors may be attacked only by one who is injured thereby. A creditor cannot show injury, and therefore may not set aside a transfer of property by a debtor, where the transferred property is worth less than valid pre-existing encumbrances on the property). Accordingly, because Plaintiffs have demonstrated that relevant facts remain to be discovered that are essential to their opposition to the partial summary judgment motion, the Court DENIES WITHOUT PREJUDICE the individual Defendants' motion for partial summary judgment.[4]

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. The individual Defendants' motion for partial summary judgment is DENIED WITHOUT PREJUDICE to the refiling of the motion.

2. This Order terminates Docket 31 and Docket 83.

IT IS SO ORDERED.

/Dated:6/7/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[4] In light of the Court's ruling on the motion for partial summary judgment, the Court DENIES as MOOT Plaintiffs' Ex Parte Motion to Strike New Evidence and Testimony Offered by Defendants in their Reply Brief. Dkt. 83. The Court also finds it unnecessary to rule on the requests for judicial notice filed by individual Defendants.