1
2
3
4
5
6
7
8                    UNITED STATES  DISTRICT COURT
9                       Northern District of California
10                          San Francisco Division

11  JESSE HELTON,                            No. C 10-04927 SBA

12              Plaintiff,                    **REPORT AND RECOMMENDATION**
          v.
13                                            [Re: ECF No. 103]
    FACTOR 5, INC., et al.,
14
                Defendants.
15  _____/

16                          **INTRODUCTION**

17      Plaintiffs Jesse Helton, Alisha Piccirillo, and Chad Lowe, individually and on behalf of all others

18  similarly situated (collectively, "Plaintiffs") bring this employment class action lawsuit against

19  defendants Factor 5, Inc. and Factor 5, LLC (collectively, "Factor 5") as well as defendants Julien

20  Eggebrecht, Holger Schmidt, and Thomas Engel (collectively, the "Owner Defendants"), the owners

21  of Factor 5, and defendant BluHarvest, LLC a/k/a WhiteHarvest, LLC ("WhiteHarvest"), their new

22  company.  Plaintiffs, who are former employees of Factor 5, allege that (1) Factor 5 stopped paying

23  them in November 2008 prior to their being laid off in December 2008 and has not paid them all of

24  their wages due in violation of federal and California law, and (2) Factor 5's owners (Mr.

25  Eggebrecht, Mr. Schmidt, and Mr. Engel) formed a new business (BluHarvest, LLC/WhiteHarvest,

26  LLC) to continue operating the Factor 5 business under the guise of a new name to evade, hinder,

27  and defraud Factor 5's creditors, including Plaintiffs.  *See generally* Notice of Removal, Exh. H

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
For the Northern District of California

1    (First Amended Class Action Complaint ("FACAC")), ECF No. 1-1 at 67-86.[1]  Factor 5 has

2    defaulted, and Plaintiff now move for default judgment against them.  Motion for Default Judgment,

3    ECF No. 103.  The district court referred Plaintiffs' motion to the undersigned for a report and

4    recommendation.  Order of Reference, ECF No. 114.  Upon consideration of motion submitted and

5    the record in this case, and in light of the ongoing proceedings among Plaintiff, WhiteHarvest, and

6    the Owner Defendants, the court **RECOMMENDS** that the district court deny without prejudice

7    Plaintiffs' motion.

**STATEMENT**

9        Plaintiffs filed their original complaint in Marin County Superior Court on January 1, 2009.

10   Notice of Removal, ECF No. 1 Exh. A (Original Complaint) ¶ 1.  They filed their First Amended

11   Class Action Complaint on October 13, 2010.  FACAC ¶¶ 10-12.  In it, Plaintiffs bring the following

12   claims: (1) failure to pay wages during employment in violation of California Labor Code §§ 204

13   and 206 (against Factor 5 and WhiteHarvest); (2) failure to pay wages at termination in violation of

14   California Labor Code §§ 201(a) and 203 (against Factor 5 and WhiteHarvest); (3) failure to pay

15   accrued vacation in violation of California Labor Code § 227.3 (against Factor 5 and WhiteHarvest);

16   (4) failure to indemnify for employment-related expenses in violation of California Labor Code §

17   2802 (against Factor 5 and WhiteHarvest); (5) failure to give at least 60 days prior written notice

18   before cessation of operations in violation of California Labor Code § 1401 et seq. (against Factor 5

19   and WhiteHarvest); (6) failure to pay federal minimum wage in violation of the Federal Labor

20   Standards Act ("FLSA"), 29 U.S.C. § 206 (against all Defendants); (7) failure to pay overtime

21   wages in violation of the FLSA, 29 U.S.C. § 207 (against all Defendants); (8) breach of contract

22   (against all Defendants); (9) engaging in unfair and lawful business practices in violation of

23   California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. (against all

24   Defendants); (10) fraudulent conveyance (against all Defendants); and (11) accounting (against all

25   Defendants).  *Id.* ¶¶ 46-115.  The court notes that Plaintiffs ask for a judgment against Defendants

26   jointly and severally.  *Id.*

27   _____

28        [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-
     generated page numbers at the top of the document.

UNITED STATES DISTRICT COURT
For the Northern District of California

1   On October 29, 2010, the Owner Defendants removed the action to federal court, and Factor 5

2   and WhiteHarvest joined in the removal.  Notice of Removal, ECF No. 1; Joinder, ECF No. 7.  The

3   Owner Defendants and WhiteHarvest thereafter answered the First Amended Class Action

4   Complaint.  Owner Defendants' Answer, ECF No. 3; WhiteHarvest's Answer, ECF No. 15.  Factor

5   5 never answered the First Amended Class Action Complaint, so, upon Plaintiffs' request, the Clerk

6   of the Court entered their default on February 1, 2011.  Request for Entry of Default, ECF No. 18;

7   Entry of Default, ECF No. 22.

8       Now, Plaintiffs have filed two motions, both of which currently are pending.  First, on June 18,

9   2013, Plaintiffs filed a motion for partial judgment in their favor on their two FLSA claims.  Motion

10  for Partial Summary Judgment, ECF No. 97.  This motion currently is set for hearing on August 27,

11  2013 before the district court.  Stipulation and Order, ECF No. 111.  Second, on June 19, 2013,

12  Plaintiffs filed a motion for default judgment against Factor 5.  Motion for Default Judgment, ECF

13  No. 103.  As described above, Factor 5 is named as a defendant in all of Plaintiffs' claims.  The

14  district court subsequently referred Plaintiffs' motion for default judgment to the undersigned for a

15  report and recommendation, Order of Reference, ECF No. 114, and the undersigned held a hearing

16  on the motion on August 15, 2013, 8/15/2013 Minute Entry, ECF No. 120.

17                          **ANALYSIS**

18  **I. SUBJECT MATTER AND PERSONAL JURISDICTION**

19      Before entering default judgment, a court must determine whether it has subject matter

20  jurisdiction over the action and personal jurisdiction over the defendant.  *See In re Tuli,* 172 F.3d

21  707, 712 (9th Cir. 1999).  A court must also ensure the adequacy of service on the defendant.  *See*

22  *Timbuktu Educ. v. Alkaraween Islamic Bookstore,* No. C 06–03025 JSW, 2007 WL 1544790, at *2

23  (N.D. Cal. May 25, 2007).  Plaintiffs have established the these three requirements.

24      **A. Subject Matter Jurisdiction**

25      Plaintiffs' sixth and seventh claims are for violation of the FLSA—a federal law.  Accordingly,

26  the court has federal question jurisdiction over these claims under 28 U.S.C. § 1331.  Because the

27  court has federal question jurisdiction over the federal claims, it also has supplemental jurisdiction

28  over the state law claims under 28 U.S.C. § 1367.

**B. Personal Jurisdiction**

Factor 5 does business in California and has its principal place of business in the Northern District of California.  FACAC ¶ 9.  It also was served with the First Amended Class Action Complaint and engaged in the activities that are the subject of this lawsuit in the Northern District of California.  Notice of Removal, ECF No. 1 ¶ 12, Exh. I; FACAC ¶¶ 5, 9.  Accordingly, the court has personal jurisdiction over Factor 5.  *See, e.g., S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).

**C. Adequacy of Service**

Federal Rule of Civil Procedure 4(h)(1)(B) allows for service in a judicial district of the United States "by delivering a copy of the summons and of the complaint to an officer . . . or any other agent authorized by appointment or by law to receive service of process . . . ."  Similarly, Rule 4(h)(1)(A) authorizes service of process on corporations "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Rule 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Under California law, "[a] summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served."  Cal. Civ. Proc. Code § 415.10.  A summons can be served on a corporation by delivering a copy of the summons and of the complaint to the person designated as agent for service of process.  Cal. Civ. Proc. Code § 416.10(a).  A summons can also be served on a corporation by delivering a copy of the summons and complaint to the president, chief executive officer, or other head of the corporation.  Cal. Civ. Proc. Code § 416.10(b).  A dissolved corporation can be served by delivering the process to an officer or agent who controls the corporation's assets or an agent upon whom process might be served at the time of dissolution.  Cal. Corp. Code § 2011(b).

Here, as noted above, Factor 5 was properly served with the First Amended Class Action Complaint and summons.  Notice of Removal, ECF No. 1 ¶ 12, Exh. I.  There also is evidence showing that Plaintiffs served their motion for default judgment on Factor 5.  *See* Smith Declaration, ECF No. 107 ¶ 5 ("We have served a copy of this application on counsel for the three owners of Factor 5, Defendants Eggebrecht, Schmidt, and Engel.  We are unaware of any new lawyer

UNITED STATES DISTRICT COURT
For the Northern District of California

1  representing the Factor 5 Defendants since prior counsel (Nixon Peabody) withdrew from

2  representing them.").

3  **II. DEFAULT JUDGMENT**

4      Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court

5  for—and the court may grant—a default judgment against a defendant who has failed to plead or

6  otherwise defend an action. *See Draper*, 792 F.2d at 925.  Whether to enter a judgment lies within

7  the court's discretion. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).

8  Still, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered

9  judgment." *Draper* 792 F.2d  at 924-25.  Default judgments generally are disfavored because "cases

10  should be decided on their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470,

11  1472 (9th Cir. 1986).  Where the clerk has already entered default, the court must take as true the

12  factual allegations of the complaint and other competent evidence submitted. *See TeleVideo Sys.,*

13  *Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).  Where fewer than all defendants have

14  defaulted, the allegations are only true as to the defaulting defendants. *Shanghai Automation*

15  *Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1000 (N.D. Cal. 2001).

16      **A. The *Eitel* Factors Do Not Weigh in Favor of Entry of Default Judgment at this Time**

17      In deciding whether to enter a default judgment, the court should consider: (1) the possibility of

18  prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the

19  complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute about the

20  material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy

21  underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at

22  1471-72.

23          ***1. Possibility of Prejudice to Plaintiffs***

24      The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment is

25  not entered, and whether such potential prejudice to the plaintiff militates in favor of granting a

26  default judgment. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1054 (N.D. Cal.

27  2010).  As discussed below, given the risk of inconsistent judgments, the court's view is that default

28  judgment is premature, and the recommendation is to deny the motion without prejudice.  Thus, the

**UNITED STATES DISTRICT COURT**
For the Northern District of California

C 10-04927 SBA
REPORT & RECOMMENDATION

5

UNITED STATES DISTRICT COURT
For the Northern District of California

1  possibility of prejudice is remote if the district court denies Plaintiffs' motion without prejudice as

2  this court recommends.  Indeed, the district court could refer a re-filed motion to the undersigned

3  later so that default judgment can be considered with the benefit of the facts established in the

4  ongoing proceedings among Plaintiffs and the Owner Defendants.  Waiting until the end of the case

5  is unlikely to hamper Plaintiffs' ability to collect on such a default judgment.

6      In sum, there is little possibility of prejudice in denying Plaintiffs' motion for default judgment

7  without prejudice.  Thus, the first *Eitel* factor does not favor the entry of default judgment.

8          ***2.  Merits and Sufficiency of the Complaint (the Second and Third Eitel Factors)***

9      Under the second and third *Eitel* factors, the court considers the merits of the plaintiff's

10  substantive claims and the sufficiency of the complaint.  *Eitel*, 782 F.2d at 1471-72.  After entry of

11  default, well-pleaded factual allegations in the complaint regarding liability are taken as true, except

12  as to damages.  *See TeleVideo*, 826 F.2d at 917-18; *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854

13  (9th Cir. 2007).  "However, a defendant is not held to admit facts that are not well-pleaded or to

14  admit conclusions of law."  *DIRECTV*, 503 F.3d at 854 (quoting *Nishimatsu Constr. Co. v. Houston*

15  *Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (quotation marks omitted)).

16      Plaintiffs' motion for default judgment fails to substantively address either of these factors.  It

17  does not provide the court with the elements of the 11 claims, and it does not apply the facts to the

18  law.  Instead, Plaintiffs summarily state that "[b]y virtue of the default, Factor 5 concedes the

19  allegations in the [First Amended Class Action Complaint]."  Motion for Default Judgment, ECF

20  No. 103 at 4.  But in the Ninth Circuit, only the well-pleaded *factual* allegations are taken as true,

21  not the legal conclusions.  *See DIRECTV*, 503 F.3d at 854.  In the absence of any argument in

22  support of the motion, and considering that—as discussed below—the recommendation is that the

23  motion should made after the facts are developed—the court declines to independently research

24  whether Haskins has adequately pleaded facts to support the 11 claims alleged against Factor 5.

25  And again, as discussed below, the court finds that the risk of inconsistent judgments would counsel

26  against entering default judgment even if the allegations were sufficiently pleaded.

27          ***3.  Possibility of Dispute concerning a Material Fact***

28      Factor 5 never answered the First Amended Class Action Complaint, so there is no information

UNITED STATES DISTRICT COURT
For the Northern District of California

available to the court of a material fact disputed by them.  WhiteHarvest and the Owner Defendants, however, dispute several of the facts that are likely to be material to this consideration.  *See* Owner Defendants' Answer, ECF No. 3; WhiteHarvest's Answer, ECF No. 15.  Because Plaintiffs allege that Defendants are jointly and severally liable, it is very likely that facts material to Factor 5's liability will be challenged by WhiteHarvest and the Owner Defendants.  Accordingly, this factor weighs against entering default judgment.

### *4. Excusable Neglect*

There is no suggestion of excusable neglect.  Factor 5 was served with both the First Amended Class Action Complaint and the motion for default judgment.  This factor supports entering default judgment.

### *5. Sum of Money at Stake in the Action*

When the amount of money at stake in the litigation is substantial or unreasonable, default judgment is discouraged.  *See Eitel,* 782 F.2d at 1472 (three-million dollar judgment, considered in light of the parties' dispute as to material facts, supported a decision not to enter summary judgment); *Tragni v. Southern Elec. Inc.*, No. C 09-32 JF, 2009 WL 3052635, at *5 (N.D. Cal. Sept. 22, 2009); *Board of Trustees v. RBS Washington Blvd, LLC*, No. C 09-00660 WHA, 2010 WL 145097, at *3 (N.D. Cal. Jan. 8, 2010) (citing *Eitel,* 782 F.2d at 1472).

Here, Plaintiffs seeks a default judgment of $1,406,168.65.  *See* Motion for Default Judgment, ECF No. 103 at 6-10 (adding subtotals).  The court does not consider the amounts requested to be inherently unreasonable, but finds that they are unreasonably large to award based on the scant information provided.  On this record and at this time, therefore, the court finds that this factor does not support a default judgment.

### *6. Strong Policy in Federal Rules Favoring Decisions on the Merits*

"Cases should be decided upon their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472.  On its own, this factor is not dispositive, *see PepsiCo, Inc.*, 238 F. Supp. 2d at 1177, but in combination with the other factors previously discussed, it advises against granting default judgment in this case.

### B. The *Eitel* Factors Support Denying the Motion for Default Judgment

1    In summary, on this record, only the absence of excusable neglect supports granting the motion

2    for default judgment.  At this time, even if Plaintiffs were to demonstrate the merits and sufficiency

3    of the complaint, the *Eitel* factors would still advise against granting the motion for default

4    judgment.  If Plaintiffs were to move for default judgment upon a more detailed evidentiary record

5    at the conclusion of litigation, however, the court's analysis likely would be different.  Accordingly,

6    the undersigned recommends the district court deny the motion for default judgment without

7    prejudice.

8    **III.  THE RISK OF INCONSISTENT JUDGMENTS SUPPORTS DENYING THE MOTION**

9    Because the Owner Defendants and WhiteHarvest answered the First Amended Class Action

10   Complaint and are not in default, the court's ability to provide a report and recommendation about

11   whether to enter judgment against Factor 5 may be limited by Federal Rule of Civil Procedure 54(b).

12   That rule states that "when multiple parties are involved, the court may direct entry of a final

13   judgment as to one or more, but fewer than all . . . parties only if the court determines that there is no

14   just reason for delay."  Fed. R. Civ. P. 54(b); *see Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S.

15   1, 8 (1980) (noting that the court has discretion to enter a default judgment as to fewer than all

16   defendants).

17   Even where the factors listed in *Eitel* suggest there is no just reason for delay, the Supreme Court

18   has cautioned that the court should not enter a default judgment which is, or is likely to be

19   inconsistent with a judgment on the merits as to any answering defendants.  *See Frow v. De La*

20   *Vega*, 82 U.S. 552 (1872).  As the Ninth Circuit has explained, *Frow* stands for the proposition that

21   "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment

22   should not be entered against the defaulting defendant until the matter has been adjudicated with

23   regard to all defendants."  *In re First T.D. & Invest., Inc.,* 253 F.3d 520, 532 (9th Cir. 2001).  If the

24   answering defendants prevail, then the action should be dismissed against both answering and

25   defaulting defendants.  *Id.*  The Ninth Circuit has extended the applicability of this rule beyond pure

26   joint liability cases, and held that default judgments should not be entered against a defaulting

27   defendant if there are non-defaulting defendants "who are similarly situated, even if not jointly and

28   severally liable" where necessary to avoid an inconsistent result.  *Id.*

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    As Judge Chen explained in a well-reasoned Report and Recommendation interpreting this line

2    of cases, "*Frow*'s applicability turns not on labels such as 'joint liability' or 'joint and several

3    liability,' but rather on the key question of whether under the theory of the complaint, liability of all

4    the defendants must be uniform.  Where *Frow* applies, it would be an abuse of discretion to enter a

5    default judgment against some but not all defendants prior to adjudication of the claims against

6    answering defendants."  *Shanghai Automation Instr. Co. v. Kuei*, 194 F. Supp. 2d 995, 1008 (N.D.

7    Cal. 2001) (citations omitted).

8    In the present case, there is a serious risk of inconsistent judgments.  Plaintiffs have alleged that

9    Defendants all are jointly and severally liable for the 11 claims alleged in the First Amended Class

10   Action Complaint.  FACAC ¶¶ 46-115.  Indeed, in their motion for default judgment Plaintiffs seek

11   damages on their California Labor Code claims against Factor 5, *see* Motion for Default Judgment,

12   ECF No. 103 at 6-7, yet they also seek damages on these claims against WhiteHarvest, *see* FACAC

13   ¶¶ 46-75, and the claims against WhiteHarvest are still live and disputed.  Plaintiffs also  seek

14   liquidated damages from Factor 5 on their sixth claim for failure to pay federal minimum wage in

15   violation of the FLSA, *see* Motion for Default Judgment, ECF No. 103 at 7-8, yet in their motion for

16   partial summary judgment against the Owner Defendants, Plaintiffs ask for the same damages on the

17   same claim, *see* Motion for Partial Summary Judgment, ECF No. 103 at 7-8.  In such a posture, the

18   court finds that *Frow* applies and that there is "just reason for delay" of entry of judgment as to

19   Factor 5 under Rule 54(b).

20   The court discussed this issue with Plaintiffs' counsel at the hearing on the motion, and he

21   acknowledged that the concern is fair.  The court therefore recommends that the district court deny

22   without prejudice Plaintiffs' motion for default judgment and allowing them to renew it at the

23   conclusion of the case on the merits against WhiteHarvest and the Owner Defendants.  This matter

24   can be considered already referred to the undersigned and can be noticed for hearing directly on the

25   undersigned's calendar.

**CONCLUSION**

27   For the reasons stated above, the court **RECOMMENDS** that the district court deny without

28   prejudice Plaintiffs' motion for default judgment against Factor 5.

C 10-04927 SBA
REPORT & RECOMMENDATION

1    Any party may file objections to this Report and Recommendation with the district judge within

2  fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.

3  Cal. Civ. L.R. 72.  Failure to file an objection may waive the right to review of the issue in the

4  district court.

5    The court **ORDERS** Plaintiffs to serve a copy of this report and recommendation on Factor 5.

6    **IT IS SO ORDERED.**

7  Dated: August 15, 2013

8  LAUREL BEELER
   United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28