1
2
3
4                          UNITED STATES DISTRICT COURT
5                         NORTHERN DISTRICT OF CALIFORNIA
6
7    JESSE HELTON, et al.,                    Case No.  10-cv-04927-SBA   (JCS)
                    Plaintiffs,
8
9         v.                                  **DISCOVERY ORDER**
                                              Re: Dkt. No. 136
10   FACTOR 5, INC., et al.,
                    Defendants.
11
12
13        On December 10, 2013, the Court held a hearing regarding the joint discovery letter filed

14   by Plaintiffs and nonparty Nixon Peabody LLP ("Nixon") on December 9, 2013. *See* Dkt. No. 136

15   ("Joint Letter"). At the hearing, the parties agreed that Nixon has already produced the documents

16   requested by Categories 1 and 2, as well as the documents requested by Category 4 dated January

17   31, 2009 or earlier. *See id.* at 3–4. The parties also agreed that Nixon has already produced a work

18   product privilege log regarding withheld documents. *See id.* at 4. For the reasons explained below,

19   as well as the reasons stated on the record at the hearing, the Court orders that Nixon need not

20   produce any documents requested by Category 3. Additionally, the Court finds that Category 3 is

21   overbroad and, indeed, is not the category of documents on which Plaintiffs focused in the Joint

22   Letter. However, Nixon must produce the remaining 1,042 documents requested by Category 4

23   that have not yet produced.

24        Although a party must avoid "imposing undue burden or expense" on a nonparty

25   responding to a subpoena, it is also true that "[a] nonparty responding to a subpoena is typically

26   required to pay its own costs of production." *See* Fed. R. Civ. P. 45(d)(1); *Miller v. Allstate Fire &*

27   *Cas. Ins. Co.*, Civ. No. 07-260, 2009 WL 700142, at *2 (W.D. Pa. March 17, 2009). Courts

28   evaluate several factors to determine whether a subpoena creates an "undue burden or expense,"

United States District Court
Northern District of California

including: (1) the relevance of the information sought; (2) the party's need for the production; (3) the breadth of the request; (4) the time period covered by the request; (5) the request's particularity; and (6) the burden imposed. *See Miller*, 2009 WL 700142, at *2 (citing Moore's Fed. Practice § 45.32 (ed. 2008)). Additionally, courts may also consider the fact that a subpoena is directed to a nonparty, as opposed to a party in the underlying action. *See Miller*, 2009 WL 700142, at *2 (citing Fed. R. Civ. P. 45, Advisory Committee Note of 1991).

Here, the factors weigh in favor of the disclosure of the remaining 1,042 documents in Category 4. It is true that Nixon is a nonparty and that it has incurred and will incur a certain monetary burden in relation to Plaintiffs' requests. However, Plaintiffs and Nixon do not appear to debate the relevance of the documents to Plaintiffs' underlying case or Plaintiffs' need of the documents. Furthermore, the breadth, applicable time period, and particularity of Plaintiffs' requests have been substantially narrowed since the inception of this discovery dispute. After the parties met the last time at the Court's insistence, Plaintiffs narrowed their search to the documents reflected in Category 4—communications between the Nixon lawyer involved in the transactions at issue and the relevant clients. Moreover, the Court, by ordering that Nixon need not produce documents requested by Category 3, eliminates the need to produce 1,277 documents consisting of 34,105 pages. *See infra*; Joint Letter at 4. In contrast, the 1,042 documents remaining in Category 4 that Nixon has not yet been produced consist of only 3,470 pages. *See* Joint Letter at 4. In light of these factors, the Court finds that the ordered production does not impose an "undue burden or expense" on Nixon.

Furthermore, as the Court noted at the hearing, Nixon may avoid the expenses associated with the review of the remaining documents for work product by requesting that the Court issue an order pursuant to Rule 502(d) of the Federal Rules of Evidence.[1] That rule provides: "A federal court may order that . . . [work product] protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d).

---

[1] The Court previously held that the applicable attorney-client privileges had been waived. *See* Dkt. No. 134.

United States District Court
Northern District of California

Accordingly, the Court orders as follows: (1) Nixon shall not be compelled to produce the documents requested by Category 3; (2) Nixon shall produce the remaining 1,042 documents from Category 4 that have not yet been produced; and (3) by December 13, 2013, Nixon shall make a filing stating that, as to the remaining Category 4 documents to be produced, it has elected to either (a) request that this Court issue an order pursuant to Rule 502(d) of the Federal Rules of Evidence and designate produced documents as "attorneys' eyes only," prior to Nixon's production of the remaining Category 4 documents, or (b) conduct, at its own cost, the work product review; Nixon's filing shall also include a proposed date for production of the remaining Category 4 documents.

**IT IS SO ORDERED**.

Dated: December 13, 2013

JOSEPH C. SPERO
United States Magistrate Judge