ROBERT A. DOLINKO, State Bar No. 076256
rdolinko@nixonpeabody.com
KENT JONAS, State Bar No. 55001
kjonas@nixonpeabody.com
DEBORAH R. SCHWARTZ, State Bar No. 208934
dschwartz@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Fax:  (415) 984-8300

Attorneys for
NIXON PEABODY LLP

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| JESSE HELTON; ALISHA PICCIRILLO; CHAD LOWE; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FACTOR 5, INC.; FACTOR 5, LLC; BLUHARVEST, LLC; WHITEHARVEST LLC; JULIAN EGGEBRECHT; HOLGER SCHMIDT; THOMAS ENGEL; and DOES 1-100,<br><br>Defendants. | Case No.: 4:10-CV-04927-SBA<br><br>[~~PROPOSED~~] ORDER REGARDING PRODUCTION OF DOCUMENTS BY NIXON PEABODY LLP |

Plaintiffs have subpoenaed documents from Nixon Peabody LLP ("Nixon"), former counsel for Defendants Factor 5, Inc., and WhiteHarvest, Inc, in this case. Nixon objected to this subpoena. Plaintiffs and Nixon met and conferred regarding those objections and Plaintiffs brought the dispute before the Court at a hearing on November 15, 2013. Following that hearing, the Court issued an order holding that Factor 5, Inc., and WhiteHarvest, Inc., had each waived attorney – client privilege but that Nixon had not waived work product protection.

1

At the Court's direction, Plaintiffs and Nixon met and conferred further regarding their dispute. As a result, Plaintiffs narrowed their requests. Nixon then produced a number of documents, but objected to producing those in two categories:

1. Nixon searched the electronically stored information ("ESI") of Patrick Sweeney, Lou Cisz and Victor Milione created on or before January 31, 2009, which included the terms F5, Factor 5, Factor5, WhiteHarvest, BluHarvest, WH or BH. This search produced 1,277 documents consisting of 34,105 pages that were potentially responsive..

2. Nixon searched the ESI of Patrick Sweeney in which the names of Julian Eggebrecht, Katja Reitemyer, Holger Schmidt, Thomas Engel, and/or Achim Moller appeared in the "to", "from", or "cc" lines. This search produced 272 documents consisting of 898 pages of responsive communications on or before January 31, 2009, which Nixon produced while withholding those which it asserts are work product, ,and 1042 documents consisting of 3470 pages of communications after January 31, 2009, which Nixon continued to object to producing.

The Court held a telephone conference regarding the disputes about these two categories of documents on December 10, 2013. During that hearing, it ruled that Nixon need not produce the documents described in paragraph 1, above. The Court also ruled that Nixon must produce the remaining documents described in paragraph 2, above, but gave it an election as to whether to review them for work product at its cost or to produce them without review pursuant to Federal Rule of Evidence 502(d), and with an initial attorneys' eyes only limitation. By letter of December 13, 2013, Nixon elected the latter.

NOW, THEREFORE, IT IS ORDERED AS FOLLOWS:

1. Nixon is not required to produce the documents described in Paragraph 1, above.

2. Nixon will produce the remaining documents described in paragraph 2, above, within five (5) days of the Court's entry of this Order and will not withhold any documents in that category on the basis of attorney – client privilege or attorney work product protection. This production will me made under Federal Rule of Evidence 502(d) and shall not be construed as a waiver by Nixon of attorney work product protection in this case or in any other case in Federal or state court for the documents produced. The documents so produced shall not be used for any purpose except in connection with the prosecution or defense of the claims asserted in this case or with settlement. Pending further order of the Court, the documents produced may be reviewed only by counsel for plaintiffs and those assisting them in preparing this case and may not be reviewed by plaintiffs or any third parties nor may copies of these documents be transmitted to plaintiffs or any third parties.

3. The parties have agreed that Nixon will also produce documents it has withheld from its previous productions on the basis of attorney work product. This production, too, will be made under Federal Rule of Evidence 502(d) and shall not be construed as a waiver by Nixon of attorney work product protection in this case or in any other case in Federal or state court for the documents produced. The documents so produced shall not be used for any purpose except in connection with the prosecution or defense of the claims asserted in this case or with settlement. Pending further order of the Court, the documents produced may be reviewed only by counsel for plaintiffs and those assisting them in preparing this case and may not be reviewed by plaintiffs or any third parties nor may copies of these documents be transmitted to plaintiffs or any third parties.

Dated: __12/18__, 2013    

_____
UNITED STATES MAGISTRATE JUDGE

3

APPROVED AS TO FORM:

SMITH LILLIS PITHA LLP

Date:  December 17, 2013          By: _____/s/_____
                                      James Smith
                                      Attorneys for Plaintiffs


NIXON PEABODY LLP

Dated:  December 17, 2013         By: _____/s/_____
                                      Kent Jonas
                                      Attorney for Nixon Peabody LLP