UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JESSE HELTON; ALISHA PICCIRILLO; CHAD LOWE; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FACTOR 5, INC.; FACTOR 5, LLC; BLUHARVEST, LLC; WHITEHARVEST, LLC; JULIAN EGGEBRECHT; HOLGER SCHMIDT; THOMAS ENGEL; and DOES 1-100,<br><br>Defendants. | Case No: C 10-04927 SBA<br><br>**ORDER**<br><br>Docket 141, 143 |

On December 17, 2013, Defendants Julian Eggebrecht, Thomas Engel, and Holger Schmidt (collectively, "individual Defendants") filed a renewed motion for partial summary judgment. Dkt. 141. The individual Defendants noticed the motion for hearing on January 21, 2014. Dkt. 142. On December 18, 2013, Plaintiffs Jesse Helton, Alisha Piccirillo, and Chad Lowe (collectively, "Plaintiffs") filed an ex parte application to strike the individual Defendants' motion. Dkt. 143. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiffs' ex parte application to strike, for the reasons stated below.

In direct violation of the Court's Scheduling Order, the individual Defendants' filed a renewed motion for partial summary judgment after the dispositive motion deadline.[1] Because the individual Defendants have not shown "good cause" for the untimely filing,

---

[1] The Scheduling Order states that "[a]ll motions including dispositive motions shall be *heard* on or before **12/17/13**, at 1:00 p.m." Dkt. 110 (emphasis in original).

their motion may be stricken.  See Ammons v. Bakewell, 481 Fed. Appx. 389 (9th Cir. 2012) ("The district court did not abuse its discretion in striking [Plaintiff's] motion for summary judgment that he filed after the scheduling order deadline because [Plaintiff] failed to show 'good cause' for the untimely filing.") (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-609 (9th Cir. 1992) (stating standard)).  In addition, the individual Defendants failed to comply with the Court's meet and confer requirement prior to filing their motion in violation of the Court's Scheduling Order and the Court's Civil Standing Orders.  See Dkt. 110; Civil Standing Orders at 1.  Finally, the individual Defendants did not seek leave of Court before filing a second motion for summary judgment in violation of the Court's Scheduling Order.  See Dkt. 110.  The law is clear that district courts have the inherent power to control their docket, and in the exercise of that power, they may properly strike improper documents.  Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010); see also Centillium Comms., Inc. v. Atlantic Mut. Ins. Co., 2008 WL 728639, at *6 (N.D. Cal. 2008) (striking motion where the movant failed to meet and confer prior to filing its motion).  Accordingly,

   IT IS HEREBY ORDERED THAT Plaintiffs' ex parte application to strike is GRANTED.  IT IS FURTHER ORDERED THAT the individual Defendants' renewed motion for partial summary judgment (Dkt. 141) shall be STRICKEN from the record.  The parties are warned that the Court will strike any future documents filed with the Court that do not comply with the Court's orders.  The parties are also warned that any future transgressions of any applicable procedural rule and/or order may result in the imposition of sanctions.  This Order terminates Docket 141 and Docket 143.

   IT IS SO ORDERED.

Dated: 12/26/2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge