UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JESSE HELTON; ALISHA PICCIRILLO; CHAD LOWE; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FACTOR 5, INC.; FACTOR 5, LLC; BLUHARVEST, LLC; WHITEHARVEST, LLC; JULIAN EGGEBRECHT; HOLGER SCHMIDT; THOMAS ENGEL; and DOES 1-100,<br><br>Defendants. | Case No: C 10-04927 SBA<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br><br>Docket 124 |

The parties are presently before the Court on the Law Office of K. Keith McAllister's ("McAllister") motion to withdraw as counsel of record for Defendant WhiteHarvest, LLC ("WhiteHarvest"). Dkt. 124. Plaintiffs do not oppose the motion.[1] Dkt. 127. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS McAllister's motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.   DISCUSSION**

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties

---

[1] Plaintiffs, however, request that McAllister's withdrawal be subject to "two limited conditions": (1) that papers continue to be served on McAllister for forwarding purposes; and (2) that WhiteHarvest comply with discovery orders issued by Magistrate Judge Spero. Dkt. 127.

in the action; and (2) the attorney obtains leave of Court.  Civ. L.R. 11-5(a); see Darby v. City of Torrance, 810 F.Supp. 275, 276 (C.D. Cal. 1992) (an attorney representing a client may not withdraw except by leave of court).  In addition, the Local Rules provide that when withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se.  Civ. L.R. 11-5(b).

In this district, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California.  Civ. L.R. 11–4(a)(1); see Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).  The Rules of Professional Conduct in California allow withdrawal where the client "breaches an agreement or obligation to [its counsel] as to expenses or fees."  California Rules of Professional Conduct Rule 3–700(C)(1)(f).  Withdrawal is also permitted where the client's conduct "renders it unreasonably difficult for [counsel] to carry out the employment effectively."  California Rules of Professional Conduct Rule 3–700(C)(1)(d).  However, before counsel can withdraw, counsel must comply with California Rule of Professional Conduct 3–700(A)(2), which provides that counsel shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3–700(D) (regarding papers), and complying with applicable laws and rules.  See El Hage v. U.S. Sec. Assocs., Inc., 2007 WL 4328809, at *1 (N.D. Cal. 2007).  The decision to permit counsel to withdraw is within the sound discretion of the trial court.  See United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009).

The Court finds that good cause exists for withdrawal because WhiteHarvest has failed to pay McAllister for legal services billed in 2013, McAllister Decl. ¶ 3, and because the individual supporting the WhiteHarvest defense has "withdrawn her support" and no

longer directs the defense, provides counsel information regarding discovery requests, pays counsel's bills, or responds to counsel's emails. Dkt. 128. In addition, the Court finds that McAllister has complied with the requirements of Civil Local Rule 11-5(a) by providing notice reasonably in advance to WhiteHarvest and all parties that have appeared in this case of its intention to withdraw. McAllister Decl. ¶ 3. Finally, the Court finds that McAllister has shown that it has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of WhiteHarvest. McAllister has provided WhiteHarvest due notice of its intent to withdraw and advised WhiteHarvest that it must retain new counsel in order to continue to prosecute this action because limited liability companies can only appear through licensed counsel.[2] Id. McAllister has also warned WhiteHarvest that if it fails to retain new counsel, default judgment will be entered against it in this action.[3] Id. ¶ 4. Accordingly, McAllister's motion to withdraw as counsel of record for WhiteHarvest is GRANTED.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. McAllister's motion to withdraw as counsel of record for WhiteHarvest is GRANTED. Because McAllister's withdrawal is not accompanied by simultaneous appearance of substitute counsel, the motion is granted on the condition that all papers continue to be served on McAllister for forwarding purposes until a substitution of counsel is filed.[4] Since limited liability companies may not appear in federal court except by

---

[2] Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."); see Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993).

[3] See Galtieri–Carlson v. Victoria M. Morton Enters., Inc., 2010 WL 3386473, at *3 (E.D. Cal. 2010) (sanctioning corporate defendants by striking their answer when they failed to retain new counsel after the withdrawal of their original counsel).

[4] Plaintiffs' request to condition McAllister's withdrawal on WhiteHarvest's compliance with discovery orders issued by Magistrate Judge Spero is DENIED. Plaintiffs have not provided any authority or compelling argument showing that McAllister's withdrawal should be conditioned on WhiteHarvest's compliance with these orders. Plaintiffs make seek relief for any non-compliance with Judge Spero's orders via a duly noticed motion.

counsel, WhiteHarvest has thirty (30) days to appear by substitute counsel.  If WhiteHarvest has not filed a substitution of counsel within thirty (30) days from the date this Order is filed, Plaintiffs shall move for entry of default.

    2.    This Order terminates Docket 124.

IT IS SO ORDERED.

Dated: 12/30/2013

*[signature]*
SAUNDRA BROWN ARMSTRONG
United States District Judge