UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JESSE HELTON; ALISHA PICCIRILLO; CHAD LOWE; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FACTOR 5, INC.; FACTOR 5, LLC; BLUHARVEST, LLC; WHITEHARVEST, LLC; JULIAN EGGEBRECHT; HOLGER SCHMIDT; THOMAS ENGEL; and DOES 1-100,<br><br>Defendants. | Case No: C 10-04927 SBA<br><br>**ORDER**<br><br>Docket Nos. 152-160 and 172 |

On June 24, 2013, the Court issued an Order for Pretrial Preparation ("Scheduling Order"), which established, among other things, the deadlines for pretrial filings and scheduled a pretrial conference for February 18, 2014. See Dkt. 110. The Scheduling Order specifically states that no later than twenty-eight days prior to the pretrial conference (i.e., January 21, 2014), counsel are required to file a Joint Pretrial Statement containing the information set forth in Section G of the Scheduling Order. Id. To date, the parties have not complied with this requirement. Nor have the parties complied with the Scheduling Order's requirements regarding Jury Instructions and Jury Voir Dire and Verdict Forms. Id. at 4-5. The parties have not filed a joint set of proposed jury instructions. Nor has any party separately submitted "proposed" instructions supported by a memorandum setting forth the authority for their use. Further, no party has submitted proposed questions for jury voir dire or a proposed form of verdict.

In addition, no Defendant has filed a trial brief or provided a witness list as required by the Scheduling Order. Dkt. 110 at 4. Finally, the Plaintiffs and the individual Defendants have not complied with the Scheduling Order's requirements regarding motions in limine. With regard to the filing of motions in limine, the Scheduling Order provides as follows:

> All motions in limine shall be set forth in a single memorandum, not to exceed ten (10) pages in length. Responses to the motions in limine shall be set forth in a single memorandum, not to exceed ten (10) pages in length. Reply briefs shall not exceed six (6) pages. Any request to exceed the page limit must be submitted prior to the deadline for these briefs and must be supported by a showing of good cause, along with a certification that the applicant has met and conferred with the opposing party.

Dkt. 110 at 5.

Both the Plaintiffs and the individual Defendants[1] inexplicably filed multiple motions in limine, which collectively exceed the ten-page limit. Neither the Plaintiffs nor the individual Defendants sought nor obtained leave of Court to exceed the page limit. Nor is there an indication that the parties met and conferred prior to filing their respective motions in limine. In light of the Plaintiffs' and the individual Defendants' inexcusable failure to comply with the Court's Scheduling Order, the Court strikes their respective improperly-filed motions in limine from the record. See Smith v. Frank, 923 F.2d 139, 142 (9th Cir. 1991) ("For violations of the local rules, sanctions may be imposed including, in appropriate cases, striking the offending pleading."); Swanson v. U.S. Forest Serv., 87 F.3d

---

[1] The individual Defendants are Julian Eggebrecht ("Eggebrecht"), Holger Schmidt ("Schmidt"), and Thomas Engel ("Engel") (collectively, "individual Defendants"). The entity Defendants are Factor 5, Inc., Factor 5, LLC, BluHarvest, LLC and WhiteHarvest, LLC. A review of the record reveals that default has been entered as to Factor 5, Inc. and Factor 5, LLC. Dkt. 22. A review of the record also reveals that BluHarvest, LLC ("BluHarvest") has not filed an answer to the first amended complaint ("FAC"). The record, however, does not indicate that BluHarvest has been properly served. Accordingly, Plaintiffs shall show cause, by no later than February 14, 2014, why BluHarvest should not be dismissed from this action for failure to effectuate proper service under Rule 4(m) of the Federal Rules of Civil Procedure. Finally, while WhiteHarvest, LLC ("WhiteHarvest") has filed an answer to the FAC, it has failed to file a substitution of counsel within thirty days from the date its counsel of record withdrew. Accordingly, the Court strikes WhiteHarvest's answer to the FAC. See Galtieri–Carlson v. Victoria M. Morton Enters., Inc., 2010 WL 3386473, at *3 (E.D. Cal. 2010) (sanctioning corporate defendants by striking their answer when they failed to retain new counsel after the withdrawal of their original counsel). Plaintiffs shall move for entry of default as to WhiteHarvest.

339, 345 (9th Cir. 1996) (affirming district court's decision to strike briefs which improperly incorporated other briefs).  However, the Court will afford the Plaintiffs and the individual Defendants an opportunity to re-file their in limine motions in a single memorandum, not to exceed ten pages in length, **after** they have first met and conferred regarding each and every issue raised in their in limine motions.  Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motions in limine (Docket Nos. 152, 153, 154, 155, 156 and 172), and the individual Defendants' motions in limine (Docket Nos. 157, 158, 159 and 160) shall be STRICKEN from the record, and shall be terminated on the Court's docket.

2. The pretrial conference and the trial date are VACATED.

3. A telephonic Case Management Conference is scheduled for **February 20, 2014 at 3:00 p.m**.  Prior to the conference, the parties shall meet and confer and prepare a joint statement containing the following information:  (1) a brief description of the substance of the claims and defenses which remain to be decided; (2) a brief explanation of whether any of the remaining claims can be decided through additional dispositive motions; (3) a plain and concise statement of all undisputed facts; (4) a plain and concise statement of all remaining disputed factual issues; (5) a concise statement of each remaining disputed point of law concerning liability or relief; (6) a proposed briefing schedule regarding the parties' motions in limine; (7) a list of all persons each party intends to call as a witness at trial; (8) a revised time estimate for trial; (9) a statement indicating whether the parties are amenable to consenting to the jurisdiction of a Magistrate Judge for all purposes; and (10) a statement indicating whether the parties are amenable to a further settlement conference before Magistrate Judge Cousins or another Magistrate Judge of this Court.  Plaintiffs shall file the joint statement by no later than **February 18, 2014**.  Plaintiffs are responsible for setting up the conference call, and on the specified date and time, shall call (510) 637-3559 with all parties on the line.

4. The individuals defendants and the Plaintiffs shall each file a memorandum, not to exceed five (5) pages, showing cause why they should not be sanctioned for failing

to comply with the requirements of the Court's Scheduling Order as discussed above.  The parties shall file their respective memorandums by no later than **February 18, 2014.**

5. WhiteHarvest's anwer to the FAC is STRICKEN.  Plaintiffs shall move for entry of default as to WhiteHarvest.

6. Plaintiffs shall file a memorandum, not to exceed five (5) pages, showing cause why BluHarvest should not be dismissed from this action for failure to effectuate proper service under Rule 4(m).   Plaintiffs shall file this memorandum by no later than **February 18, 2014.**   Failure to timely comply with this Order will result in the dismissal of BluHarvest from this action.

7. **THE COURT WILL NOT CONSIDER ANY NON-CONFORMING MOTIONS.  THE PARTIES ARE WARNED THAT FURTHER VIOLATIONS OF ANY ORDER OF THIS COURT OR APPLICABLE PROCEDURAL RULE MAY RESULT IN THE IMPOSITION OF MONETARY SANCTIONS AGAINST THEM, THEIR COUNSEL, OR BOTH**.

8. This Order terminates Docket Nos. 152-160 and 172

IT IS SO ORDERED.

Dated:  2/12/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge