1
2
3
4

UNITED STATES DISTRICT COURT

5

FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

OAKLAND DIVISION

7

8
JESSE HELTON; ALISHA PICCIRILLO;
CHAD LOWE; individually and on behalf of
all others similarly situated,

9

Plaintiffs,

10

vs.

11

12
FACTOR 5, INC.; FACTOR 5, LLC;
BLUHARVEST, LLC; WHITEHARVEST,
LLC; JULIAN EGGEBRECHT; HOLGER
SCHMIDT; THOMAS ENGEL; and DOES
1-100,

13

14

Defendants.

15

Case No: C 10-04927 SBA

**ORDER**

16         On February 12, 2014, the Court issued an Order:  (1) striking Plaintiffs and the

17    individual Defendants' motions in limine; (2) vacating the pretrial conference and the trial

18    date; (3) scheduling a telephonic Case Management Conference for February 20, 2014;

19    (4) directing the parties to file a joint statement prior to the conference; (5) directing the

20    individuals Defendants and the Plaintiffs to each file a memorandum showing cause why

21    they should not be sanctioned for failing to comply with the requirements of the Court's

22    Scheduling Order; (6) striking WhiteHarvest, LLC's ("WhiteHarvest") answer to the first

23    amended complaint and directing Plaintiffs to move for entry of default as to WhiteHarvest;

24    and (7) directing Plaintiffs to file a memorandum showing cause why BluHarvest, LLC

25    ("BluHarvest") should not be dismissed from this action for failure to effectuate proper

26    service under Rule 4(m) of the Federal Rules of Procedure.  Dkt. 182.

27         On February 13, 2014, the parties filed a stipulation waiving their right to a jury

28    trial.  Dkt. 183.  On February 18, 2014, the following documents were filed: (1) Plaintiffs'

1   response to the order to show cause regarding service of BluHarvest; (2) a Joint Case

2   Management Conference Statement; (3) Plaintiffs' response to the order to show cause

3   regarding their failure to comply with the Court's Scheduling Order; and (4) the individual

4   Defendants' response to the order to show cause regarding their failure to comply with the

5   Court's Scheduling Order.  Dkt. 184, 185, 186, 187.  On February 19, 2014, Plaintiffs filed

6   a request to enter default against WhiteHarvest, fka BluHarvest.  Dkt. 188.

7           On February 20, 2014, the Plaintiffs and the individual Defendants' appeared via

8   telephone for the Case Management Conference.  During the conference, Plaintiffs stated

9   that they no longer intend to prosecute their overtime claim under the Fair Labor Standards

10  Act ("FLSA"), and that they will file a dismissal of said claim.  See Hells Canyon Pres.

11  Council v. United States Forest Servs., 403 F.3d 683, 687 (9th Cir. 2005) ("withdrawals of

12  individual claims against a given defendant are governed by Fed.R.Civ.P. 15, which

13  addresses amendments to pleadings").  However, the parties disagree whether putative

14  members of the FLSA collective action are proper parties to the action.  The Court will

15  therefore order further briefing on this issue.

16          The parties also indicated their willingness to participate in a further settlement

17  conference before Magistrate Judge Cousins following the Court's resolution of the motion

18  to dismiss which was recently filed in the related action Crowley, et al. v. Factor 5, Inc., et

19  al., C 11-05528 SBA, and the opt-in issue referenced above.  The Court will therefore refer

20  the action to Magistrate Judge Cousins for a further settlement conference, which shall take

21  place after both of the aforementioned issues are resolved.  In the event the action does not

22  settle, the Court will order further briefing on the viability of Plaintiffs' remaining claims,

23  address the pending order to show cause regarding the imposition of sanctions, set a new

briefing schedule for pretrial filings, set a new date for the pretrial conference and reschedule the matter for trial.[1]  Accordingly,

IT IS HEREBY ORDERED THAT:

1.      The parties shall submit briefing on the issue of whether any individual has timely opted-in to the FLSA collective action conditionally certified by the Court on June 26, 2012.  Dkt. 91.  Plaintiffs shall file a brief, not to exceed five (5) pages, by no later than February 26, 2014.  The individual Defendants shall file a response, not to exceed five (5) pages, by no later than March 3, 2014.  Upon the completion of briefing, the Court will take this matter under submission and issue a written order.

2.      This action is referred to Magistrate Judge Cousins for a mandatory settlement conference to take place after the Court (1) determines whether any individual has timely opted-in to the conditionally certified FLSA collective action, and (2) resolves the individual Defendants' motion to quash service and dismiss the complaint in the related action Crowley, et al. v. Factor 5, Inc., et al., C 11-05528 SBA.

3.      The order to show cause regarding the dismissal of BluHarvest is discharged.

4.      The Court will hold a telephonic Case Management Conference, if necessary, following the mandatory settlement conference before Magistrate Judge Cousins, to reschedule the various matters discussed above.  The parties shall notify the Court of the outcome of the settlement conference immediately following the conference.

IT IS SO ORDERED.

Dated: 2/21/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] Based on Plaintiffs' response to the order to show cause regarding BluHarvest, the Court declines to dismiss BluHarvest from this action pursuant to Rule 4(m).  Plaintiffs have shown good cause why BluHarvest should not be dismissed from this action for failure to properly effectuate service.  Plaintiffs have shown that BluHarvest changed its name to WhiteHarvest in February 2009, and that BluHarvest and WhiteHarvest are the same entity.  As directed by the Court, Plaintiffs have moved for entry of default against WhiteHarvest, fka BluHarvest, for failure to obtain substitute counsel following the withdrawal of its counsel of record.