UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JESSE HELTON; ALISHA PICCIRILLO; CHAD LOWE; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FACTOR 5, INC.; FACTOR 5, LLC; BLUHARVEST, LLC; WHITEHARVEST, LLC; JULIAN EGGEBRECHT; HOLGER SCHMIDT; THOMAS ENGEL; and DOES 1-100,<br><br>Defendants. | Case No: C 10-04927 SBA<br><br>**ORDER** |

The parties are presently before the Court on Plaintiffs'[1] request to allow the late-filing opt-in plaintiffs to join the conditionally certified Fair Labor Standards Act ("FLSA") collective action. Dkt. 194. The individual Defendants[2] oppose Plaintiffs' request and have filed a motion to strike the late-filed consent to join forms. Dkt. 193, 197. Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby GRANTS Plaintiffs' request to allow the late-filing opt-in plaintiffs to join the FLSA collective action, and DENIES the individual Defendants' motion to strike the late-filed consent to join forms, for the reasons stated below. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

---

[1] The named Plaintiffs are Jesse Helton, Alisha Piccirillo, and Chad Lowe (collectively, "Plaintiffs").

[2] The individual Defendants are Julian Eggebrecht, Holger Schmidt, and Thomas Engel (collectively, "individual Defendants").

## I. BACKGROUND[3]

On January 21, 2009, Plaintiffs commenced the instant action in the Superior Court of California, County of Marin.  Compl., Dkt. 1.  On October 29, 2010, the action was removed to this Court on the basis of federal question jurisdiction after the Plaintiffs amended their complaint to add FLSA claims.  Notice of Removal, Dkt. 1.  On October 26, 2011, Plaintiffs filed a motion for conditional certification of a collective action under the FLSA.  Dkt. 34.  However, because the motion was not scheduled to be heard prior to the expiration of the FLSA's three-year statute of limitations, the Court granted Plaintiffs' request to toll the statute of limitations for opt-in claimants wishing to join the collective action on account of procedural delay.  Dkt. 52.  The Court tolled the FLSA statute of limitations until a decision was rendered on Plaintiffs' motion.  Id.

On June 26, 2012, the Court granted conditional certification of a FLSA collection action, and found that facilitation of notice to the potential FLSA plaintiffs was appropriate.  Dkt. 91.  The Court ordered the Plaintiffs to modify their proposed notice form in several ways and directed the individual Defendants to produce the names and contact information of all potential plaintiffs.  Id.  The individual Defendants were directed to provide the contact information to Plaintiffs' counsel no later than fourteen (14) days from June 26, 2012.  Id.  The Court further directed that the modified notice and consent to join forms were to be mailed by Plaintiffs' counsel within fourteen (14) days of receipt of the contact information.  Id.  The Order provides that the potential plaintiffs had sixty (60) days from the mailing of the notice and consent to join forms to opt-in to the FLSA collective action by returning the forms to Plaintiffs' counsel.  Id.  The Order further provides that Plaintiffs' counsel must "promptly" file all such forms with the Court.  Id.  Thus, pursuant to the Court's Order, Plaintiffs' counsel had until on or shortly after September 22, 2012 to file any consent to join forms with the Court.

---

[3] The parties are familiar with the facts of this case.  As such, the Court will only recite those facts that are relevant to the matters presently before the Court.

No consent to join form was filed with the Court before, on, or shortly after September 22, 2012. Instead, approximately nine months later on June 12, 2013, Plaintiffs filed a "Notice Regarding Responses and Opt-Ins Related to Notice of Conditional Collective FLSA Certification." Dkt. 94. The notice states that a "certified list of opt-ins" is attached. Id. While the attachment to Plaintiffs' notice contains the names of eleven individuals that purportedly completed an opt-in form, it does not contain any consent to join forms. See id. On July 22, 2013, Plaintiffs filed an "Updated Notice Regarding Responses and Opt-Ins Related to Notice of Conditional Collective FLSA Certification," which states that Jason Lacroix "wishes to opt-out of the collective action." Dkt. 115.

On February 10, 2014, the Court granted partial summary judgment in favor of Plaintiffs on their FLSA minimum wage claim and awarded each of them $3,353.60 in damages for the individual Defendants' willful violation of the FLSA. Dkt. 173. On February 20, 2014, Plaintiffs and the individual Defendants' appeared via telephone for a Case Management Conference. During the conference, Plaintiffs stated that they no longer intend to prosecute their overtime claim under the FLSA, and that they would file a dismissal of said claim.[4] With respect to the opt-in plaintiffs, the parties disagreed as to whether any putative members of the FLSA collective action are proper parties to the instant action. Later that same day, Plaintiffs filed a "Corrected Notice Regarding Response and Opt-Ins Related to Conditional Collective FLSA Certification." Dkt. 189. Attached to this document are ten executed consent to join forms, stamped received by CPT Group, Inc. on various dates from October 16, 2012 to November 7, 2012. Id.

On February 21, 2014, the Court directed the parties to submit briefing on the issue of whether any potential plaintiff has timely opted-in to the FLSA collective action. Dkt. 192. On February 26, 2014, Plaintiffs filed a responsive brief. Dkt. 194. On March 4, 2014, the individual Defendants filed a responsive brief. Dkt. 197.

///

---

[4] To date, Plaintiffs have not moved to dismiss their FLSA overtime claim.

## II. DISCUSSION

In their briefing, Plaintiffs request an order permitting the late opt-in plaintiffs to join the FLSA collective action. In response, the individual Defendants contend that the late opt-in plaintiffs should not be permitted to join the FLSA collective action because their consent to join forms were filed long after the Court-imposed deadline. The individual Defendants request that the Court issue an order striking the untimely forms.

29 U.S.C. § 255(a) sets the limitations period for a claim for unpaid minimum wages, unpaid overtime compensation, or liquidated damages under the FLSA. Such a claim "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).

For a collective action instituted under the FLSA, the action is considered commenced in the case of any individual claimant:

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear -- on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256; see also Partlow v. Jewish Orphans' Home of S. Cal., Inc., 645 F.2d 757, 760 (9th Cir. 1981) (the FLSA statute of limitations continues to run until a valid consent is filed), abrogated on other grounds by Hoffmann-La Roche v. Sperling, 493 U.S. 165 (1989); Harkins v. Riverboat Services Inc., 385 F.3d 1099 (7th Cir. 2004) ("[I]f you haven't given your written consent to join the suit, or if you have but it hasn't been filed with the court, you're not a party . . . the rule require[s] written, filed consent.").

The FLSA does not specify when a person must opt-in to a collective action. Ruggles v. Wellpoint, Inc., 687 F.Supp.2d 30, 37 (N.D.N.Y. 2009); Robinson-Smith v. Government Employees Ins. Co., 424 F.Supp.2d 117, 123 (D.D.C. 2006); see 29 U.S.C. §§ 216(b), 255, 256. Consequently, the deadline is set by the court. Ruggles, 687 F.Supp.2d

at 37.  Further, the FLSA does not provide a standard under which a court should consider whether to include opt-in plaintiffs whose consent forms are filed after the court-imposed deadline.  Id.  In determining whether late opt-in consent to join forms should be deemed timely in an FLSA action, courts have considered the following factors:  (1) whether "good cause" exists for the untimeliness; (2) prejudice to the defendant; (3) how late the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA.  Id.

Having considered the above-referenced factors, the Court will allow the ten opt-in plaintiffs to be added to the FLSA collective action.  While Plaintiffs' counsel have failed to show good cause for their belated filing of the consent to join forms,[5] the Court finds that the other relevant factors weigh in favor of permitting the opt-in plaintiffs to join the FLSA collective action.  See In Re Wells Fargo Home Mortgage Overtime Pay Litigation, 2008 WL 4712769 at *2 (N.D. Cal. 2008) (rejecting a "rigid application of a 'good cause' standard" because it "does not fully respond to the various factors with which the court must concern itself" such as prejudice to the defendant).  Allowing the opt-in plaintiffs to join the FLSA collective action will not substantially prejudice the individual Defendants and is consistent with the broad and flexible reading of the FLSA in favor of coverage.  See Kelley v. Alamo, 964 F.2d 747, 749-750 (8th Cir. 1992) ("The FLSA . . . is a remedial statute that has been construed liberally to apply to the furthest reaches consistent with congressional direction.  A generous reading, in favor of those whom congress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines.") (quotation marks and citation omitted); Raper v. State of Iowa, 165 F.R.D. 89, 91 (S.D. Iowa 1996) (allowing seven plaintiffs to opt-in after the determination of liability).

The individual Defendants, for their part, have failed to demonstrate that the opt-in plaintiffs should not be allowed to join the FLSA collective action.  Without elaboration,

---

[5] Plaintiffs' counsel's excuse that he "misconstrued" the Court's Order with respect to the deadline to file consent to join forms does not constitute good cause.  The Order clearly states that Plaintiffs' counsel "shall promptly file all [opt-in consent] forms with the Court" upon receipt. Dkt. 91.  Moreover, the plain text of the FLSA requires opt-in forms to be filed with the Court.  See 29 U.S.C. § 256.

the individual Defendants contend that they will be substantially prejudiced if the opt-in Plaintiffs are permitted to join this action because their pre-trial preparation and strategy was based on the absence of any opt-in plaintiffs. Dkt. 197. The Court is not persuaded by the individual Defendants' undeveloped argument. The individual Defendants have not articulated any specific prejudice[6] that they will suffer if the late opt-in plaintiffs are allowed to join the FLSA collective action.

Indeed, the individual Defendants cannot credibly claim unfair surprise or prejudice from the addition of the opt-in plaintiffs because they have been aware since June 12, 2013 that these individuals wanted to join the FLSA collective action. At that time, they received Plaintiffs' notice regarding the opt-in plaintiffs that consented to join the FLSA collective action. Following receipt of Plaintiffs' notice, the individual Defendants elected not to conduct any discovery with respect to the opt-in plaintiffs. Further, they did not move to strike Plaintiffs' opt-in notice as untimely or move to decertify the FLSA collective action. Nor did they otherwise take any action indicating that they objected to the opt-in plaintiffs joining this action. To the contrary, on August 26, 2013, the individual Defendants filed a "Notice of Plaintiffs' Rejection of Offer of Judgment Under Rule 68 F.R.C.P," which expressly acknowledges that there are ten opt-in plaintiffs in this action. Dkt. 122. The notice also states that Plaintiffs did not accept an offer of judgment that included payments to the opt-in plaintiffs. Id. Accordingly, because the individual Defendants have failed to show that joinder of the late-filed opt-in plaintiffs will prejudice

---

[6] The individual Defendants have not identified any discovery that they would have conducted if the opt-in plaintiffs had timely filed their consent to join forms. Nor have they identified any additional steps they will need to take to defend this action. Indeed, the Court has already determined that the individual Defendants willfully violated the FLSA by failing to pay the similarly situated named Plaintiffs minimum wages in November and December 2008. Further, the Court has rejected the individual Defendants' mootness argument, their FLSA exemption defense, and their good faith defense. Finally, to the extent the individual Defendants object to the addition of the opt-in plaintiffs on the ground that they will face an increase in their potential exposure, this is not a proper consideration in determining whether to allow the opt-in plaintiffs to join this action. In Re Wells Fargo Home Mortgage Overtime Pay Litigation, 2008 WL 4712769 at *2.

them, the Court will allow the opt-in plaintiffs to join the FLSA collective action given the broad remedial purpose of the FLSA.

## III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' request to allow the late-filing opt-in plaintiffs to join the FLSA collective action is GRANTED.

2. The individual Defendants' motion to strike the late-filed consent to join forms is DENIED.

3. This Order terminates Docket 193.

IT IS SO ORDERED.

Dated:  4/25/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge