UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JESSE HELTON; ALISHA PICCIRILLO; CHAD LOWE; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FACTOR 5, INC.; FACTOR 5, LLC; BLUHARVEST, LLC; WHITEHARVEST, LLC; JULIAN EGGEBRECHT; HOLGER SCHMIDT; THOMAS ENGEL; and DOES 1-100,<br><br>Defendants. | Case No: C 10-04927 SBA<br><br>**ORDER** |

Plaintiffs,[1] individually and on behalf of all others similarly situated, bring the instant action against Defendants to recover unpaid wages and other benefits under state and federal law. On February 10, 2014, the Court granted Plaintiffs' motion for partial summary judgment against the individual Defendants[2] on their minimum wage claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206. Dkt. 173. On April 29, 2014, the Court issued an Order allowing the late-filed opt-in Plaintiffs to join the FLSA collective action. Dkt. 198. On June 19, 2014, the parties appeared before Magistrate Judge Nathanael Cousins for a further settlement conference. See Dkt. 201. The case did not settle. Id.

---

[1] The named Plaintiffs are Jesse Helton, Alisha Piccirillo, and Chad Lowe (collectively, "Plaintiffs").

[2] The individual Defendants are Julian Eggebrecht, Holger Schmidt, and Thomas Engel (collectively, "individual Defendants").

On June 19, 2014, Plaintiffs filed a status report pursuant to the Court's February 21, 2014 Order (Dkt. 202), which directed the parties to notify the Court of the outcome of the settlement conference.  Dkt. 192.  In their status report, Plaintiffs state that they are willing to consent to a trial before a Magistrate Judge.  Dkt. 202.  In addition, Plaintiffs state that further briefing on the viability of their remaining claims can be completed shortly, noting that the following claims remain for trial:  (1) their alter ego/successor claims related to their state law Labor Code claims; (2) their claim for violation of California's Fraudulent Transfer Act; (3) their breach of contract claim; and (4) their unfair competition claim under California Business & Professions Code §17200.  Id.  Finally, Plaintiffs request the Court issue an order voluntarily dismissing their fourth (violation of California Labor Code § 2802) and seventh (violation of the FLSA for failing to pay overtime wages) claims for relief.  Id.  On July 2, 2014, the Court issued and Order dismissing the fourth and seventh claims for relief.  Dkt. 203.  To date, the individual Defendants have not responded to Plaintiffs' status report.  Accordingly,

IT IS HEREBY ORDERED THAT:

A telephonic Case Management Conference is scheduled for August 28, 2014 at 2:45 p.m.  Prior to the conference, the parties shall meet and confer and prepare a joint statement containing the following information:  (1) a statement indicating whether the parties are amenable to consenting to the jurisdiction of a Magistrate Judge for all purposes; (2) a proposed briefing schedule on Plaintiffs' remaining claims[3]; (3) a statement indicating whether summary judgment should be entered in favor of the late opt-in FLSA plaintiffs on their FLSA minimum wage claim in light of the Court's Order granting partial summary judgment in favor of Plaintiffs on this claim; and (4) a statement setting forth the damages owed to the late opt-in Plaintiffs if summary judgment is granted in their favor on their FLSA minimum wage claim.  Plaintiffs shall file the joint statement by no later than

---

[3] The parties previously represented to the Court that the remaining claims may be amenable to resolution on dispositive motions.  See Dkt. 185.

1  August 21, 2014.  Plaintiffs are responsible for setting up the conference call, and on the
2  specified date and time, shall call (510) 879-3550 with all parties on the line.
3      IT IS SO ORDERED.
4  Dated: 8/14/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge