UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JESSE HELTON; ALISHA PICCIRILLO; CHAD LOWE; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FACTOR 5, INC.; FACTOR 5, LLC; BLUHARVEST, LLC; WHITEHARVEST, LLC; JULIAN EGGEBRECHT; HOLGER SCHMIDT; THOMAS ENGEL; and DOES 1-100,<br><br>Defendants. | Case No: C 10-04927 SBA<br><br>**ORDER** |

Plaintiffs,[1] individually and on behalf of all others similarly situated, bring the instant action against Defendants to recover unpaid wages and other benefits under state and federal law.[2] On February 10, 2014, the Court granted summary judgment in favor of Plaintiffs and against the individual Defendants[3] on Plaintiffs' FLSA minimum wage claim. Plaintiffs were each awarded $3,353.60 in damages. On April 29, 2014, the Court granted Plaintiffs' request to allow the late-filing opt-in plaintiffs to join the conditionally certified

---

[1] The named Plaintiffs are Jesse Helton, Alisha Piccirillo, and Chad Lowe (collectively, "Plaintiffs").

[2] The instant action was commenced in the Superior Court of California, County of Marin. After the Plaintiffs filed an amended complaint adding federal claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, the individual Defendants removed the action to this Court on the basis of federal question jurisdiction.

[3] The individual Defendants are Julian Eggebrecht ("Eggebrecht"), Holger Schmidt ("Schmidt"), and Thomas Engel ("Engel") (collectively, "individual Defendants").

FLSA collective action.  On July 3, 2014, the Court dismissed Plaintiffs' FLSA overtime claim pursuant to their request.

On August 14, 2014, the Court issued an Order scheduling a Case Management Conference.  In that Order, the Court directed the parties to indicate whether summary judgment should be entered in favor of the opt-in plaintiffs on their FLSA minimum wage claim given the Court's Order granting summary judgment in favor of Plaintiffs on this claim.  The Order also directed the parties to specify the amount of damages that the opt-in Plaintiffs would be entitled to if summary judgment is granted in their favor.  On August 25, 2014, the parties filed a joint status statement.  In their statement, the parties agree that summary judgment in favor of the opt-in plaintiffs on their FLSA minimum wage claim is appropriate.  The parties also agree that the opt-in plaintiffs are entitled to damages in the amount of $3,353.60, i.e., the same amount of damages awarded to the Plaintiffs on this claim.  In light of the foregoing, the Court GRANTS summary judgment in favor of the opt-in plaintiffs on their FLSA minimum wage claim.  The Court finds that summary judgment is appropriate for the reasons stated in its February 10, 2014 Order.  The Court further finds that the opt-in plaintiffs are each entitled to an award of damages in the amount of $3,353.60 for the reasons stated in its February 10, 2014 Order.

All of Plaintiffs' remaining claims are based upon California state law.  A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  " '[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.' "  Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010).  Because the Court has disposed of all the federal claims alleged in this action, the Court exercises its discretion and declines to assert supplemental jurisdiction over Plaintiffs' remaining state law claims.  See City of Colton v. Am. Promotional Events, Inc.-West, 614 F.3d 998, 1008 (9th Cir. 2010) (holding that district court acted within its discretion in declining to exercise

supplemental jurisdiction after granting summary judgment on all federal claims); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendant claims to state court. . . ."). Accordingly, the Court remands this action to the state court from which it was removed.

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Summary judgment is GRANTED in favor of the opt-in plaintiffs and against the individual Defendants on the opt-in plaintiffs' FLSA minimum wage claim. The following individuals are awarded $3,353.60 in damages: Alvin Leviste, Alan Purdy, Terence Amato, Jason Jackson, Chris Crawford, Elie Klimos, Brandon Martynowicz, Allessandro Briglia, Jim Moore, and Dennis Crowley.

2. The Court declines to assert supplemental jurisdiction over Plaintiffs' remaining state law claims.

3. The instant action is REMANDED to the Superior Court of California, County of Marin.

4. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: 8/26/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge