UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HELTON, et al., | Case No.  10-cv-04927-SBA   (JCS) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION RE MOTION FOR ATTORNEYS' FEES AND COSTS UNDER THE FLSA** |
| FACTOR 5, INC., et al., | |
| Defendants. | Re: Dkt. No. 210 |

## I.      INTRODUCTION

Plaintiffs in this wage and hour case have prevailed on their claims under the federal Fair Labor Standards Act ("FLSA") and now bring a Motion for Attorneys' Fees and Costs Under the FLSA ("Motion").  Plaintiffs request an award of $113,120.00 in attorneys' fees (including fees for time spent on the fee motion) and $15,366.75 in costs, pursuant to 29 U.S.C. § 216(b).  A hearing on the Motion was held on Friday, December 12, 2014 at 9:30 a.m.  Plaintiffs filed supplemental materials in support of the Motion on December 19, 2014.  For the reasons stated below, it is recommended that the Motion be GRANTED.

## II.     BACKGROUND

### A.      Factual and Procedural Background

Plaintiffs Jesse Helton, Alisha Piccirillo and Chad Lowe are former employees of Defendant Factor 5, a software and video game developer.  Order Granting Motion for Partial Summary Judgment ("Summary Judgment Order"), Docket No. 173, at 2.  Helton was employed by Factor 5 as a Senior/Lead Programmer from May 2006 until December 2008.  *Id.*  Lowe was employed by Factor 5 as a Producer from December 2005 until December 2008.  Piccirillo was employed by Factor 5 as a Senior Technical Artist from August 2002 until December 2008.  *Id.*

Defendants Julian Eggerbrecht, Holger Schmidt and Thomas Engel founded Factor 5 and were the owners, directors, and officers of Factor 5 at all relevant times. *Id.* Factor 5 stopped paying its employees (including Plaintiffs) earned wages on November 1, 2008 and on December 19, 2008 it terminated all of its employees. *Id.*

On January 21, 2009, Plaintiffs initiated a class action against Factor 5 in the Superior Court of California, County of Marin, to recover earned wages and other benefits due under California law. *Id.* On October 13, 2010, Plaintiffs filed a first amended complaint ("FAC"), adding claims under the FLSA to its state law wage and hour claims, and naming Eggerbrecht, Schmidt and Engel as additional defendants. *Id.* Defendants removed the action to this Court on the basis of federal question jurisdiction on October 29, 2010. *Id.*

Defendants denied liability under the FLSA and asserted numerous affirmative defenses, including a good faith defense based on the contention they had not acted "willfully" because: 1) they believed Factor 5 was about to enter into a contract that would cover the unpaid wages; and 2) they had relied on the advice of employment counsel and "human resource experts" when they permitted their employees to work without pay. Answer, ¶ 139; Summary Judgment Order at 11-12.

On June 26, 2012, Judge Armstrong granted Plaintiffs' motion for conditional certification of a collective action and notice was sent out to absent class members permitting them to opt in to the case. Order Granting Motion for Conditional Certification of Collective Action Under the FLSA ("Certification Order"), Docket No. 91. Ultimately, ten individuals opted in to the case. Declaration of Damien P. Lillis in Support of Plaintiffs' Motion for Attorneys' Fees and Costs under the FLSA ("Lillis Motion Decl.") ¶ 5 (citing Docket No. 198).

On February 10, 2014, the Court granted partial summary judgment on Plaintiffs' FLSA claims and awarded each of the name Plaintiffs (Helton, Piccirillo and Lowe) $3,353.60 in damages. Summary Judgment Order at 16. On August 27, 2014, the Court entered summary judgment in favor of the opt-in plaintiffs and awarded each of them $3,353.60 in damages. August 27, 2014 Order, Docket No. 206 at 3. The Court entered final judgment in favor of Plaintiffs in an order dated August 28, 2014.

2

United States District Court
Northern District of California

**B.     The Motion**

Plaintiffs seek an award of fees and costs under the FLSA, 29 U.S.C. § 216(b), which they contend is mandatory because they prevailed on their FLSA claim that Defendants willfully failed to pay minimum wages for work performed in November and December 2008.  Motion at 5-6 (citing *Alyeska Pipeline v. Wilderness Society*, 421 U.S. 240, 261 n. 34 (1975)).  According to Plaintiffs, having prevailed on their FLSA claim, they are entitled to fees and costs incurred in litigating the FLSA claims and all "related" claims.  *Id*. at 6 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).  Related claims, Plaintiffs assert, involve a "'common core of facts' or are based on related legal theories."  *Id*.  (quoting *Hensley*, 461 U.S. at 435).

Plaintiffs seek $109,120.00 in attorneys' fees incurred in this action up to the date judgment was entered, for 272.8 hours of work over a four-year period.  *Id*. at 7;  Declaration of James Smith in Support of Plaintiffs' Motion for Attorneys' Fees and Costs Under the FLSA ("Smith Decl.") ¶ 7 & Ex. A (contemporaneous time and expense entries).  Three attorneys performed the work for which Plaintiffs seek fees:  James Smith, Damien Lillis and Martin Pitha.  Smith Decl. ¶ 7;  Declaration of Damien P. Lillis in Support of Plaintiffs' Motion for Attorneys' Fees and Costs Under the FLSA ("Lillis Motion Decl.") ¶¶ 9-10.  All three have billed at an hourly rate of $400/hour, which they state is lower than the rate typically charged by counsel of similar experience for complex employment litigation in the San Francisco Bay area.  *Id*.

Plaintiffs also seek an award of costs in the amount of $15,366.75.  Motion at 8;  Smith Decl., ¶ 7 & Ex. A.  Plaintiffs state that all of the requested costs are for out-of-pocket expenses rather than overhead.  Motion at 8.

**C.     Opposition**

Defendants oppose the Motion on three grounds.  First, Defendants assert the Motion was untimely because it was filed fifteen days after the Court's order granting summary judgment in favor of the opt-in Plaintiffs, on August 27, 2014.  Opposition at 1.  According to Defendants, because that order instructed the Clerk to close the file in the case, it started the clock running on the 14-day deadline for filing a fee motion under Rule 54(d)(2) of the Federal Rules of Civil Procedure.

Second, Defendants contend the Court should reduce the fee award on the basis that they served a Rule 68 offer on Plaintiffs on August 2, 2013 offering to pay the Plaintiffs $48,484.95 plus costs, as well as paying attorneys' fees in the amount of $1,534.55.  Opposition at 3-5. Defendants argue that although a rejected Rule 68 offer does not result in automatic shifting of costs under the FLSA, it may nonetheless be considered in determining the amount of attorneys' fees that is reasonable.  *Id*. (citing *Haworth v. State of Nevada*, 56 F.3d 1048 (9th Cir. 1995)). Defendants point out that the amount received by Plaintiffs in the Court's final judgment was less than the amount they offered to pay Plaintiffs in damages in their Rule 68 offer.  *Id*. at 4.   They acknowledge that a Rule 68 offer results in cost shifting only when the offer exceeds liability *plus* attorneys' fees but note that the amount of attorneys' fees has not yet been determined; in any event, they contend, the amount of fees Plaintiffs may be awarded as compared to what Defendants offered is a "mere technicality."  *Id*.

Finally, Defendants identify a number of specific time entries that they contend are "not attributable to only litigation of the FLSA claim."  *Id*. at 5-7.  These include, for example, the time spent attending the Court-sponsored settlement conference and the time spent preparing for and deposing Defendants Schmidt, Engel and Eggerbrecht.  *Id*.  In addition, Defendants assert Plaintiffs' costs should be reduced by $3,970.55 for expenses associated with the depositions of Eggerbrecht, Engel, Schmidt, Reitemeyer and Henke.  *Id*. at 7.  According to Defendants, Plaintiffs are not entitled to these expenses because the depositions "were not depositions exclusively dealing with the FLSA claim."  *Id*.

### D.    Reply

In their Reply brief, Plaintiffs reject Defendants' assertion that the Motion is untimely, arguing that there is no authority to support Defendants' contention that the summary judgment order, rather than the Court's final judgment, triggers the time to file the fee motion under Rule 54.  Reply at 2.

Plaintiffs also challenge Defendants' reliance on the Rule 68 offer as a basis for reducing their attorneys' fees.  *Id*. at 2-8.  First, Plaintiffs argue that a Rule 68 offer leads to cost-shifting only "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted

4

offer." *Id.* at 3 (quoting Rule 68).  Because attorneys' fees are considered in determining whether the Rule 68 offer was more favorable than the judgment finally obtained, Plaintiffs argue, Defendants' offer is clearly *less* favorable than the judgment Plaintiffs obtained in this action.  *Id.* In particular, Plaintiffs had incurred more than $70,000 in attorneys' fees at the time of the Rule 68 offer, resulting in a judgment value of over $113,000, that is, well in excess of the settlement amount offered by Defendants.  *Id.* Plaintiffs further assert that it was reasonable for them to reject the settlement offer in light of the fact that it was made after Plaintiffs were required to file a summary judgment motion and to "fully discover and litigate the FLSA claims."  *Id.* at 4. Plaintiffs also argue that Defendants' reliance on *Haworth* is misplaced because that case was factually distinguishable.  *Id.* at 5-7.

Plaintiffs argue that Defendants' specific challenges to certain time entries and expenses are merely an improper attempt to "whittle down" the fees sought by Plaintiffs' counsel.  Reply at 2.  Plaintiffs reject Defendants' assertions that the specific time entries should be excluded, arguing that all of them were for work on the FLSA claims or claims that were related to the FLSA claims.  *Id.* at 8-9.

Finally, Plaintiffs request an additional $4,000 in attorneys' fees for work on the fee motion and reply brief.  *Id.* at 9 n. 2 (citing *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 981 (9th Cir. 2008));  Reply Declaration of Damien P. Lillis in Support of Plaintiffs' Motion for Attorneys' Fees and Costs under FLSA ("Lillis Reply Decl."), ¶ 4.

## III.   ANALYSIS

### A.   Legal Standard

Pursuant to § 216(b) of the FLSA, the district court is authorized to award attorneys' fees and costs to plaintiffs who prevail in a minimum wage action under the FLSA. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").  An award of attorneys' fees is mandatory under this provision where an employee prevails in an action for unpaid wages under the FLSA. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 261 n. 34 (1975).  "[T]he intent behind § 216(b) was to allow employees to obtain payment owed

*United States District Court*
*Northern District of California*

under the FLSA in court without the employee incurring legal fees and expenses, and to encourage attorneys to take FLSA cases." *Pickett v. Beard*,  2014 WL 467330, at *5 (E.D.Cal., Feb. 5, 2014).

In *Hensley v. Eckerhart*, the Supreme Court set forth standards for determining reasonable attorneys' fees that are "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" 461 U.S. at 433 n. 7.  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433.    This "lodestar" amount is presumed to be reasonable and is only enhanced where the prevailing party has offered specific evidence showing that the case is "exceptional."  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010).   Time spent in establishing the entitlement to and amount of fees is compensable and such fees also should be determined using the lodestar approach. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) (citing  *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-660 (9th Cir.1985)).   The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of both the hours worked and the rates claimed.  *Blum v. Stenson*, 465 U.S. 886, 896 (1984).

**B.    Timeliness of Motion**

Pursuant to Rule 54(d)(2)(B)(i), a motion for attorneys' fees may be filed "no later than 14 days after the entry of judgment."  Final judgment was entered on August 28, 2014.  *See* Docket No. 207.  Plaintiffs' Motion was filed fourteen days later, on September 11, 2014, and therefore is timely.  Defendants' assertion that the deadline began to run when the Court entered summary judgment against the opt-in plaintiffs, on August 27, 2014, is not supported by any authority and has no merit.

**C.    Lodestar Amount**

Plaintiffs seek fees for 272.8 hours of work on the underlying action and 10 hours of work on the fee motion, based on an hourly rate of $400 for all three of the attorneys' who worked on the case, for a total of $113,120.00.  The Court finds the amount to be reasonable for the reasons stated below.

First, the hourly rate requested for attorneys' Smith, Lillis and Pitha is in line with (or

United States District Court
Northern District of California

possibly lower than)  prevailing rates in the San Francisco Bay area for attorneys with comparable experience performing similar work.  *See Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995).[1]

Second, the Court has reviewed the time entries provided in support of the Motion and finds that the time spent on the litigation was reasonable.[2]  Defendants vigorously defended against Plaintiffs' claims over a period of four years and asserted affirmative defenses that required Plaintiffs to engage in wide-ranging discovery.  Further, while Defendants have singled out various time entries that they contend should be excluded, they have not demonstrated that these time entries were not for work on the FLSA claims or *related* claims.  Indeed, they have made no effort to explain why these particular time entries fail to meet that standard.  Instead, they have only asserted that these time entries were "not attributable to *only* litigation of the FLSA claim."  Opposition at 5 (emphasis added).  That, however, is not the applicable standard.

Nor does the Rule 68 offer that Defendants made more than four years into the case support Defendants' assertion that Plaintiffs' fees should be reduced.  As the Ninth Circuit has acknowledged, Rule 68 does not result in automatic fee shifting under the FLSA.  *See Haworth v.*

---

[1] In response to the Court's request, Plaintiffs provided a Supplemental Brief Regarding Bay Area Rates ("Supplemental Brief").  *See* Docket No. 220.  In their Supplemental Brief, Plaintiffs have cited numerous cases in which counsel with similar qualifications and experience have been awarded an hourly rate of $400/hour or higher.  Plaintiffs have also provided evidence that the attorneys for whom fees are sought in this case have themselves been awarded fees at rates of $400/hour and above in the past.  *See* Supplemental Declaration of Damien P. Lillis in Support of Plaintiffs' Motion for Attorneys' Fees and Costs Under the FLSA ("Lillis Supp. Decl."), ¶¶ 2-3. Finally, the Lillis Supp. Decl. provides additional information regarding the qualifications of Mr. Smith.  *Id.*, ¶ 6.  These supplemental materials support the $400 hourly rate requested by Plaintiffs.  The Court notes that although Defendants did not challenge the reasonableness of the hourly rates of Plaintiffs' counsel in their original opposition brief, they filed a supplemental brief following the motion hearing in which they argue that the Court should award fees at the reduced rate of $300/hour.  *See* Docket No. 219.  Having reviewed the cases and evidence cited by the parties in their supplemental materials, the Court is not persuaded by Defendants' argument that the hourly rate sought by Plaintiffs should be reduced.

[2] Following the Motion hearing, Plaintiffs provided a declaration and time sheets documenting their work on the fee motion.  *See*  Lillis Supp. Decl., Ex. A.   In light of the supplemental briefing requested by the Court, Plaintiffs' work on the fee motion is now in excess of 19 hours.  Lillis Supp. Decl., ¶ 4.  Plaintiffs recognize, however, that "a lower amount may be appropriate based on the substantially lower estimate in the reply brief."  Supp. Brief at 5.  As Defendants have not been given an opportunity to challenge the reasonableness of the additional time incurred on the fee motion, and to avoid endless rounds of briefing, it is recommended that the Court award only the amount sought by Plaintiffs in their reply brief on the fee motion, which the Court finds to be reasonable.

*State of Nevada*, 56 F.3d at 1051.  Even to the extent a Rule 68 offer may be considered in determining whether fees requested under the FLSA are reasonable, the facts here do not support any reduction on that basis.  As Plaintiffs' timesheets reflect, at the time Defendants' Rule 68 offer was made, Plaintiffs had been forced to incur approximately $70,000 in attorneys' fees.  Those fees must be taken into account when considering whether the Rule 68 offer was more favorable than the judgment Plaintiffs finally obtained.  *See Bankston v. Patenaude & Felix*, 2008 WL 4078451, at *1 (N.D.Cal., Aug. 29, 2008) ("Defendants' Rule 68 offer does not warrant any reduction in fees because the offer was not greater than the amount awarded plus reasonable fees and costs incurred up to the date of the offer").  Defendants offered the negligible sum of $1,534.55 in attorneys' fees in their Rule 68 offer, which would have forced Plaintiffs to bear virtually the entire cost of the litigation had they accepted the offer.  Given that the four plus years Plaintiffs had spent litigating this case were necessitated by Defendants' own tactics, it would be unreasonable and contrary to Congress's intent in enacting § 216(b) to reduce Plaintiffs' fee award based on the Rule 68 offer under the facts of this case.

Therefore, it is recommended that the Court award the full amount requested by Plaintiffs in fees.

### D.   Costs

Plaintiffs seek $15,366.75 in costs, which are itemized in the timesheets attached to the Smith Motion Declaration.  Defendants' only objection to Plaintiffs' request is that it includes the $3,970.55 in expenses incurred in deposing Eggerbrecht, Engel, Schmidt, Reitemeyer and Henke.  Opposition at 7.  According to Defendants, as these depositions did not deal exclusively with Plaintiffs' FLSA claims, they should not be required to pay any of the costs associated with them.  As discussed above, Plaintiffs are entitled to costs incurred in litigating their FLSA claims *and* any related claims.  Defendants do not dispute that these individuals were deposed in connection with Plaintiffs' FLSA claims.  Nor do they point to any issues covered by the depositions that were not relevant to the FLSA claims or related wage and hour claims asserted by Plaintiffs.  Therefore, the Court rejects Defendants' assertion that Plaintiffs' costs should be reduced on that basis.

It is recommended that the costs requested by Plaintiffs be awarded in full.

United States District Court
Northern District of California

1

**IV.     CONCLUSION**

2          For the reasons stated above, it is recommended that the Court GRANT Plaintiffs' Motion

3   and award $113,120.00 in attorneys' fees and $15,366.75 in costs.

4

5   Dated:  January 13, 2015

6

7   _____

8   JOSEPH C. SPERO
    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California